## 44049. GEORGE v. THE STATE.
(356 SE2d 882)

BELL, Justice.

Charles Aaron George was indicted and brought to trial for rape and aggravated sodomy. His trial ended abruptly when the court granted the state's motion for mistrial, on the ground that defense counsel had asked improper questions on cross-examination regarding matters protected by the Rape Shield Law. OCGA § 24-2-3. Defendant was reindicted for the same offenses, and his plea of former jeopardy was denied. The Court of Appeals affirmed the denial, holding that the trial judge did not abuse his discretion in granting the mistrial motion and ordering a new trial. *George v. State*, 180 Ga. App. 548 (349 SE2d 473) (1986). The Court of Appeals further held it was not error to deny the defendant's former jeopardy plea, because the mistrial furthered the legitimate state policy against impeaching a rape victim by evidence of her past sexual activities. We granted certiorari, and now hold that defense counsel's questions were not violative of the Rape Shield Law, because they did not concern the victim's past sexual activity. We further hold a mistrial should not have been declared and that the trial court erred in denying the plea of former jeopardy.

1. On cross-examination, defense counsel asked prosecution witness Scott Reeves if he had "developed a friendship or something [with the alleged rape victim]. Is that why she looked you up?"[1] The prosecution objected to the question, and the court warned defense counsel that this type of question could be violative of the Rape Shield Law. Defense counsel also asked Mr. Reeves whether he, defense counsel, had correctly understood him as having testified on direct that when the victim approached him, she asked him "to hold her or hug her or something of this nature?" Reeves answered in the affirmative, stating that "she just wanted a friend, a real close friend." Defense counsel then asked, "Y'all were close friends?" Reeves answered that they were. The state made no objection to these questions. In a subsequent bench conference on the state's motion for mistrial, the trial judge expressed concern that the Rape Shield Law also made objectionable the defense's questions to the victim concerning her status as a high school dropout and her failure to keep a previous court appointment.

The Rape Shield Law provides that "(a) [i]n any prosecution for rape, evidence relating to the past sexual behavior of the complaining witness shall not be admissible, either as direct evidence or on cross-examination of the complaining witness or other witnesses, except as

---

[1] Mr. Reeves was the first person the victim informed of the rape.

provided in this Code section. For the purposes of this Code section, evidence of past sexual behavior includes, but is not limited to, *evidence of the complaining witness's marital history, mode of dress, general reputation for promiscuity, nonchastity, or sexual mores contrary to the community standards.*" (Emphasis supplied.) In this case, the questions posed by defense counsel, especially those concerning whether she was in school and why she failed to appear for a court date, do not directly reflect on the complainant's past sexual behavior. *Villafranco v. State*, 252 Ga. 188 (313 SE2d 469) (1984). The possibility that they may have been construed as implicating past sexual conduct could have been eliminated with a corrective instruction to the jury. Accordingly, we find that the defendant's line of questioning did not violate the Rape Shield Law.

2. Under the facts of this case, there was no manifest necessity for declaring a mistrial, and the trial court erred in denying George's plea of double jeopardy. *Chatham v. State*, 247 Ga. 95 (1) (274 SE2d 473) (1981).

*Judgment reversed. All the Justices concur, except Marshall, C. J., who dissents.*

DECIDED JUNE 19, 1987.

*Lane & Sanders, Thomas C. Sanders,* for appellant.
*Frank C. Winn, District Attorney, J. David McDade, Assistant District Attorney,* for appellee.