## A95A1113. WILLIAMS v. THE STATE.
(463 SE2d 58)

McMURRAY, Presiding Judge.

Defendant was tried before a jury, along with a co-defendant, and found guilty of rape. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Although defendant's first enumeration of error is somewhat unclear, he appears to complain that the trial court erred in failing to grant a mistrial after certain details of a police officer's trial testimony were revealed to be inconsistent with the officer's testimony at

a preliminary hearing.[1] This issue was not preserved for appellate review because defendant failed to assert a motion for mistrial. *Tarver v. State*, 186 Ga. App. 905, 906 (2) (368 SE2d 828). However, assuming the contrary, inconsistencies in the investigating officer's testimony were a matter of credibility for the jury, not a basis for mistrial. OCGA § 24-9-80.

2. Defendant's second enumeration of error is not supported by citation of authority or argument in his brief and is thereby deemed abandoned pursuant to Court of Appeals Rule 27 (c) (2).

3. Defendant challenges the sufficiency of the evidence in his final enumeration of error. The victim's testimony that defendant committed acts which constitute the crime charged is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of rape. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Fields v. State*, 216 Ga. App. 184, 187 (3) (453 SE2d 794).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED OCTOBER 17, 1995.

*John E. Pirkle*, for appellant.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney*, for appellee.

---

[1] Defendant's first enumeration of error provides as follows: "The State's testimony at the preliminary hearing as to what statements the victim made at the initial interview was not the truth. When the interviewing officer took the stand at trial, he claimed that he made a mistake at the preliminary. The interview was sealed as part of the trial." Argument supporting this enumeration of error provides (in part) as follows: "The State, by giving erroneous testimony as to the victim's statement at the preliminary hearing deceived the defense and denied the defense a fair trial in this case. This error cannot be cured. It demands a mistrial. . . . We feel that such conduct by the State is such that it demands a mistrial if not an acquittal. Trial by ambush is not tolerated by this Court."