A95A2313. MURRAY v. THE STATE.
(465 SE2d 515)

SMITH, Judge.

Randy Murray was indicted on charges of rape, aggravated sodomy, aggravated assault, and giving a false name to an officer. A jury found him guilty on all charges. His motion for new trial was denied, and he brings this appeal. Murray's sole contention on appeal is that the trial court erred in restricting his cross-examination of a State witness regarding the nature of criminal charges pending against that witness. We do not agree.

The charges against Murray stemmed from a visit he paid to a former girl friend, Victoria Sims, with whom he had a child. Sims was

then living with Larry Braswell. When Murray arrived, Sims was speaking on the telephone to Braswell, who was in jail. Although Murray's daughter was asleep, Sims invited him in and told him he could watch television in the living room while she continued her telephone conversation with Braswell in the kitchen. Murray testified he brought some beer with him, and he watched television, drank some beer, and dozed intermittently.

Sims and Murray agree that they had sex that evening. Sims claims Murray raped her and forced her to perform oral sodomy. Murray claims the sex was consensual. Braswell for some time was on the open telephone line. He testified he heard Sims ask Murray to leave. He became concerned when he then heard sounds indicating to him that Murray would not leave and Sims needed help. He called the police from jail. When police officers arrived, they found Sims "very upset" and "kind of hysterical." She reported that Murray had raped her. A police officer discovered a knife in the location pointed out by Sims, behind a dresser in the bedroom. Murray gave the officers a false name, and he was taken into custody.

Immediately before trial, the prosecution moved in limine to prohibit the defense from questioning Braswell regarding the nature of the charge for which he was in jail on the evening in question: aggravated sodomy involving a juvenile. The charge against Braswell had been dismissed by the time of trial. The State argued that the prejudicial effect of revealing the nature of that charge outweighed its probative value; the defense claimed it was relevant to show Braswell's and Sims's motive for lying. The trial court took the motion under advisement until the time of Braswell's testimony, ruling that in the interim, references to Braswell's offense during opening statements would be restricted to the fact of incarceration; no mention would be allowed of the nature of the offense for which he was jailed.

When the State called Braswell to testify, the issue was revisited out of the presence of the jury, and the trial court granted the State's motion. The court permitted questioning of Braswell regarding the fact that he had been arrested and the subsequent dismissal of that charge, but prohibited questioning regarding the substance of the dismissed charge. In an order denying the motion for new trial, the trial court found unpersuasive Murray's argument that this information was crucial because it would have allowed the jury to infer that Braswell "had concocted the allegations when he placed the 911 call."

We agree, and we find similarly unpersuasive Murray's identical argument on appeal.

Murray's reliance upon *Olden v. Kentucky*, 488 U. S. 227 (109 SC 480, 102 LE2d 513) (1988) is misplaced. In *Olden*, a sexual assault case, the United States Supreme Court held that restricting cross-examination of the victim regarding her cohabitation with a third party

violated the accused's Sixth Amendment right to confront witnesses, and it was not harmless error. There, as here, the accused relied upon a defense that the victim had consented to sex. When the defense to a charge of sexual assault is built upon a theory that the alleged victim lied in accusing him in order to protect her relationship with another man, it is easily seen that evidence of the victim's relationship or cohabitation with that other man is a crucial fact for the jury's consideration. It supports the defense theory by placing before the jury a strong motivation for the victim to lie.

Here, however, the State informed the jury explicitly not only of the information withheld in *Olden* — Sims's relationship with Braswell — but also of Braswell's knowledge that Murray was in Sims's apartment that evening. The jury was thus provided with exactly the information sought in *Olden*, providing for the jury evidence of the victim's motivation to lie. We do not agree with Murray that withholding from the jury the *substance* of the charge against Braswell was in any way relevant to either Braswell's or Sims's motive for lying.

We find speculative Murray's argument that the prohibited questioning would have added support to his defense by allowing the jury to infer that the false charge against Braswell allowed Braswell and Sims to fabricate the accusation against him more easily. No evidence exists that the charge against Braswell was false. Further, no evidence was presented of collusion between Braswell and Sims in fabricating the charge; under both the defense theory and that of the prosecution, Sims was occupied with Murray when Braswell telephoned the police.

The admission of evidence at trial is within the discretion of the trial court. Although each party is entitled to a thorough and sifting cross-examination, that right is not unfettered. The trial court may, in its discretion, restrict the scope of cross-examination to the relevant issues. *Haynes v. State*, 180 Ga. App. 202, 203 (3) (349 SE2d 208) (1986); see also *Mobley v. State*, 212 Ga. App. 293, 295 (1) (441 SE2d 780) (1994). The court's discretion will not be interfered with on appeal unless an abuse is present. *Jennette v. State*, 197 Ga. App. 580, 581 (2) (398 SE2d 734) (1990). The court's conclusion that the evidence sought to be admitted was not relevant to the issues in this case falls within the reasonable exercise of the court's discretion and we find no abuse. This questioning was properly prohibited.

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED DECEMBER 6, 1995.

*Mary Erickson*, for appellant.
*J. Tom Morgan, District Attorney, Lee A. Mangone, Robert M.*

*Coker, Assistant District Attorneys*, for appellee.