## A99A2436. ALFORD v. THE STATE.
### (534 SE2d 81)

SMITH, Judge.

A jury found Sammy Alford guilty of rape, incest, and cruelty to children. In considering and denying Alford's motion for new trial, the court merged Alford's convictions and sentences for incest and rape. In this appeal, Alford challenges the sufficiency of the evidence relating to each crime and contests two evidentiary rulings. Having found no merit to these asserted errors, we affirm.

On appeal, the evidence must be viewed in a light most favorable to the verdict, and Alford no longer enjoys the presumption of innocence. *Rhodes v. State,* 221 Ga. App. 792 (470 SE2d 790) (1996). Viewed in that light, the State's evidence was as follows. On December 28, 1996, the victim, Alford's minor daughter, was sent from Atlanta by her mother to Woodbury to live temporarily with Alford, her father. The victim's parents had divorced in 1982 when the victim was two years old. Her mother believed that a change in her daughter's environment would be beneficial, even though Alford had not seen his daughter in several years. According to the victim's mother, Alford told her he had changed, was a "different person," and "wanted the chance to be a father." Just three days after the victim's arrival in Alford's home, she and Alford became embroiled in a vehement argument. The victim threatened to call police and to go back home to her mother in Atlanta. According to the victim, soon after this argument, at about 3:00 a.m. on New Year's Day, Alford entered her bedroom and forced himself on top of her. She testified that "he took his pants down, and he raped me." She testified that he "put some lotion on his penis, and then stuck it into me." The victim also

testified that "he put spit on his finger and put his finger inside of my vagina."

Ruby Kate Martin, Alford's live-in girlfriend, disclosed that Alford arrived home late on the night in question and "was drunk" after being out drinking for several hours. Martin told an investigator that shortly before these crimes, she saw Alford slapping, choking, and throwing his daughter on the bed. Martin's version of events corroborated substantial portions of the victim's account. Although Alford admitted being in the victim's bedroom, he denied raping his daughter or having improper sexual contact with her.

1. Alford contends the evidence was insufficient to show he raped his daughter. He claims the State failed to prove "penetration of the female sex organ by the male sex organ" as required by OCGA § 16-6-1 (a). He further urges that no evidence corroborated the victim's spurious allegations. He asserts the scant evidence failed to exclude every reasonable hypothesis except guilt. We disagree.

A victim's testimony, even without more, can be sufficient to sustain a conviction. *Johnson v. State*, 231 Ga. App. 823 (1) (499 SE2d 145) (1998); *Hardy v. State*, 210 Ga. App. 811, 813 (4) (437 SE2d 790) (1993). Here, the victim explicitly testified that Alford "raped" her and had "stuck it into me." When asked, "you said that he put his penis into your vagina[,]" the victim responded, "[r]ight." This evidence was sufficient within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) to sustain Alford's conviction for rape.[1] *Williams v. State*, 218 Ga. App. 743, 744 (3) (463 SE2d 58) (1995).

2. Alford asserts that the evidence was insufficient to establish his conviction for incest because the State failed to prove that he engaged in sexual intercourse, an essential element of the offense of incest. OCGA § 16-6-22 (a). Since sufficient evidence existed to prove the occurrence of sexual intercourse as discussed above, we find no merit to this claim. OCGA § 16-6-22 (a) (1). *Raymond v. State*, 232 Ga. App. 228, 229 (1) (501 SE2d 568) (1998) (evidence of even slight penetration sufficient to satisfy the intercourse element of incest).

3. Alford contends the evidence was insufficient to sustain his conviction for cruelty to children. He claims that the State failed to prove he caused excessive mental pain by raping his daughter as alleged by the indictment. OCGA § 16-5-70 (b).

The indictment charged Alford with the offense of cruelty to children in the first degree by "unlawfully and maliciously caus[ing] [the victim] a child under the age of eighteen (18) years, EXCESSIVE

---

[1] The jury was also shown a videotaped interview of the victim conducted by a forensic interviewer.

MENTAL PAIN . . . by RAPING SAID CHILD." While conceding that the victim testified to being "uncomfortable," Alford claims that a feeling of discomfort does not constitute being treated with excessive cruelty as alleged by the indictment.

What constitutes cruel or excessive physical or mental pain must be resolved by a jury. *Sims v. State*, 234 Ga. App. 678, 679 (1) (a) (507 SE2d 845) (1998). Alford's argument fails to take into account that a determination of what constitutes excessive mental pain need not depend solely on the victim's testimony. *Hopkins v. State*, 209 Ga. App. 376, 377 (1) (434 SE2d 74) (1993).

The victim explained that she did not scream or "cry out" or try to run because her father was drunk and "acting very weird" and she was afraid. She testified that earlier that same night he had threatened to kill her and she "was fearful of [her] life." Also, the victim's therapist, Georgiana Bagley, who counseled her on numerous occasions for over a year, described the victim as very depressed and suffering from recurrent flashbacks. According to the therapist, at times the victim would become hysterical, fearful, and suicidal and needed "lots and lots of support." She described the victim as "very pained." Having viewed the evidence in the light most favorable to the jury's determination, we conclude that the standard of *Jackson v. Virginia*, supra, was met. Id.

4. Alford contends the State twice improperly bolstered the victim's credibility by allowing two expert witnesses to testify generally about her credibility.

"The credibility of a witness is a matter to be determined by the jury under proper instructions from the court." OCGA § 24-9-80. Under no circumstances may the credibility of one witness be bolstered by the opinion of another witness, including an expert, that the witness is telling the truth. *Roberson v. State*, 214 Ga. App. 208, 210 (4) (447 SE2d 640) (1994). "[A]n expert witness may not put his or her stamp of believability on the victim's story [Cit.]" *State v. Oliver*, 188 Ga. App. 47, 50-51 (2) (372 SE2d 256) (1988). But an expert witness may testify generally about the ability of children of certain ages to distinguish fiction from reality. Id.

In this case, Pat Highsmith Lawyer, a psychologist working as a forensic interviewer, stated that in 1997, she had interviewed more than 275 children. Lawyer testified in general terms about teenagers and their truthfulness about such highly personal issues. When Lawyer was asked by the prosecutor to talk to the jury about "basically what a teenager goes through when they bring forth an allegation of sexual abuse," Alford objected. After the prosecutor argued, "I think she is more than qualified as an expert to testify to the behavioral problems and things that teenagers go through," the trial court overruled the objection. Alford did not renew his objection or move for a

mistrial. He therefore waived his objection. *Mims v. State*, 191 Ga. App. 628, 630 (2) (382 SE2d 414) (1989) (failure to renew objection and move for mistrial results in waiver).

Alford also claims that during the prosecutor's direct examination of Deputy Jeannie Griggers, an investigator assigned to crimes against children, the prosecutor impermissibly attempted to bolster the victim's credibility. When the prosecutor asked Deputy Griggers about her investigation of false accusations, she explained that sometimes children do make false allegations, so she looks for "holes in the story, major gaps." When the prosecutor asked her, "[w]hat do you look for when you are determining that the allegations are indeed true when you speak with children," Alford objected to this line of inquiry. The trial court overruled the objection, and the witness explained that the accounts of children are often jumbled and resemble puzzles that must be pieced together. After the court's ruling, Alford again neither renewed his objection nor moved for a mistrial. This objection was therefore waived as well. *Mims*, supra; *Garrett v. State*, 184 Ga. App. 593, 594 (2) (362 SE2d 150) (1987).

5. Alford asserts the trial court erred by limiting questions about the victim's mode of dress at the time of the rape and by not allowing him to cross-examine statements made by the victim. He claims he should have been allowed to introduce this evidence to show the victim's state of mind.

Under the rape shield statute, evidence of the past sexual behavior of a victim is generally inadmissible either on direct or cross-examination of the complaining witness. OCGA § 24-2-3 (a). Inadmissible past sexual behavior includes "evidence of the complaining witness's marital history, mode of dress, general reputation for promiscuity, nonchastity, [and] sexual mores contrary to the community standards." Id. The trial court therefore properly refused to permit Alford to introduce evidence or to make inquiry about the mode of the victim's dress on the night of the rape. OCGA § 24-2-3.

Alford argues that the trial court refused to permit cross-examination of statements made by the victim, but he has failed to support his claim with any citation to the record or with any argument or citation of authority. This unsubstantiated claim is therefore deemed abandoned pursuant to Court of Appeals Rule 27 (c) (2). *Jackson v. State*, 213 Ga. App. 420, 421 (444 SE2d 854) (1994).

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED MARCH 28, 2000.

*Thomas R. Morgan, Jr.,* for appellant.

*Peter J. Skandalakis*, District Attorney, *Rudjard M. Hayes*, *Julianne W. Holliday*, Assistant District Attorneys, for appellee.