## A02A1103. RICHARDSON v. THE STATE.
(568 SE2d 548)

ELLINGTON, Judge.

A Carroll County jury convicted Terry Wayne Richardson of kidnapping with bodily injury, OCGA § 16-5-40, and rape, OCGA § 16-6-1. Following the grant of an out-of-time appeal,[1] Richardson appeals his conviction, contending the trial court violated his right to confront the witnesses against him and improperly admitted evidence of bad character. Richardson also challenges the constitutionality of the mandatory life sentence imposed for the kidnapping with bodily injury conviction. For the following reasons, we affirm.

Viewed in the light most favorable to the jury's verdict,[2] the evidence showed the following: On November 29, 1995, the day after breaking up with her boyfriend, the victim set out on a six- to seven-mile walk to the man's residence to return his "starter" jacket and to retrieve some of her belongings. Along the way, the victim accepted a ride from Richardson, who was a stranger to her. As he drove, Rich-

---

[1] Initially, Richardson appealed from the denial of his motion for new trial. Richardson's motion for new trial was not timely filed, however; therefore, the filing was void and did not extend the time for Richardson to file his notice of appeal. *Porter v. State*, 271 Ga. 498 (521 SE2d 566) (1999). Accordingly, we dismissed Richardson's first appeal. Richardson initiated the current appeal from the trial court's grant of his motion for an out-of-time appeal.

[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

ardson put his hand on the victim's leg and asked what he was going to get in return for the ride. Richardson ignored the victim's request to let her out when they neared her destination. Richardson drove to a remote wooded area and demanded sex in return for the ride. Richardson briefly choked the victim. In fear for her life, the victim submitted to intercourse. During the assault, the jacket was stained with menstrual blood and semen. The victim left the area on foot and accepted a ride from a passerby. After arriving at her original destination, the victim reported the crime. Richardson initially denied any involvement with the victim; at trial, however, he admitted the intercourse but testified that it was consensual.

1. Richardson contends the trial court violated his right to confront the State's witnesses by preventing him from cross-examining the victim about her relationship with her ex-boyfriend. In granting the State's motion in limine to exclude any evidence about the victim's relationship with her ex-boyfriend, the trial court relied on Georgia's rape shield law.

Georgia's rape shield statute deems inadmissible evidence relating to the victim's "past sexual behavior" such as evidence of her "marital history, mode of dress, general reputation for promiscuity, nonchastity, or sexual mores contrary to the community standards." OCGA § 24-2-3 (a). The purpose of the rape shield law is to protect the complaining witness from intrusive inquiries into her history of sexual activity with persons other than the defendant, inquiries which could only be intended to support the inference that the victim consented to intercourse with the defendant. *Johnson v. State*, 245 Ga. App. 690, 692 (538 SE2d 766) (2000); *Hicks v. State*, 222 Ga. App. 828, 829 (476 SE2d 101) (1996); *Ford v. State*, 189 Ga. App. 395, 396 (376 SE2d 418) (1988). See Spohn, The Rape Reform Movement: The Traditional Common Law and Rape Law Reforms, 39 Jurimetrics J. 119, 126-129 (1999).

Richardson contends the rape shield law did not apply in this case because he did not seek to introduce evidence of the victim's sexual history in order to argue that she consented to the sexual act. Rather, Richardson contends, he sought to elicit evidence to support his argument that the victim, after consenting to the sexual act, had a motive to lie about her consent. Specifically, Richardson wanted to show that, at the time of the offense, the victim wanted to rekindle an exclusive romantic relationship with her ex-boyfriend and therefore fabricated the rape story to explain the presence of semen and blood on the boyfriend's jacket.

We recognize that the Sixth Amendment, as interpreted by the United States Supreme Court, guarantees defendants in rape cases the right to cross-examine the victim to expose a motive to fabricate

the rape charge.[3] *Olden v. Kentucky*, 488 U. S. 227, 232-233 (109 SC. 480, 102 LE2d 513) (1988). In *Olden v. Kentucky*, the defendant claimed he and the victim had engaged in consensual sexual acts, after which he drove the victim to her paramour's house. The defendant argued that the victim "concocted the rape story to protect her relationship with [her paramour] who would have grown suspicious upon seeing her disembark from [the defendant's] car." Id. at 230. The trial court excluded evidence that the victim at the time of trial was living with a man with whom she had been romantically involved at the time of the alleged rape. Id. at 229-230. The Supreme Court ruled that the trial court had violated the defendant's right to confrontation because the evidence would have supported the defense theory that the victim had a motive to falsify the rape charge. Id. at 232-233.[4] We recently summarized the holding in *Olden v. Kentucky* as follows:

> When the defense to a charge of sexual assault is built upon a theory that the alleged victim lied in accusing him in order to protect her relationship with another man, it is easily seen that evidence of the victim's relationship or cohabitation with that other man is a crucial fact for the jury's consideration. It supports the defense theory by placing before the jury a strong motivation for the victim to lie.

*Murray v. State*, 219 Ga. App. 405, 407 (465 SE2d 515) (1995). Of course, such evidence is admissible only if it passes the ordinary relevancy and probative value balancing tests. Id. See Price, Constitutional Law — Sex, Lies and Rape Shield Statutes: The Constitutionality of Interpreting Rape Shield Statutes to Exclude Evidence Relating to the Victim's Motive to Fabricate, 18 W. New Eng. L. Rev. 541, 575-576 (1996).

In this case, the trial court determined that evidence about the victim's relationship with her ex-boyfriend failed the relevancy test. The trial court concluded the victim could have taken a variety of measures to prevent her ex-boyfriend from learning of her sexual encounter with Richardson, and, therefore, Richardson's attempt to

---

[3] But see *Griffin v. State*, 224 Ga. App. 225, 228 (2) (480 SE2d 608) (1997) (evidence of the victim's romantic relationship with a prosecutor who was removed from the case was inadmissible under the rape shield law); *Green v. State*, 221 Ga. App. 436 (472 SE2d 1) (1996) (rape shield law prohibited questioning the 13-year-old victim about consensual sexual activity to support inference that she fabricated the rape charge because she was afraid she was pregnant and wanted to conceal her sexual activity from her parents).

[4] See also LaTesta, Rape Shield Statutes and the Admissibility of Evidence Tending to Show a Motive to Fabricate, 46 Clev. St. L. Rev. 489, 507-510 (1998) (advocating amendment of federal and state rape shield laws, in accord with *Olden v. Kentucky*, to include an exception for evidence relating to the victim's motivation to falsify the rape charge).

tie in the evidence of the victim's relationship was speculative. We agree. For evidence of a woman's relationship with one man to be probative of her alleged motive to fabricate a rape charge against another man with whom the woman had consensual sex, it must appear that the woman needed to explain the consensual sex. See *Olden v. Kentucky*, 488 U. S. at 230 (victim's paramour saw victim getting out of the defendant's car late at night); *Murray v. State*, 219 Ga. App. at 407 (victim's boyfriend heard the defendant in the victim's residence). In other words, evidence of the woman's relationship would be probative of her motive to lie only if the woman could not conceal the relationship-damaging sexual conduct with the defendant.

> The admission of evidence at trial is within the discretion of the trial court. Although each party is entitled to a thorough and sifting cross-examination, that right is not unfettered. The trial court may, in its discretion, restrict the scope of cross-examination to the relevant issues. The court's discretion will not be interfered with on appeal unless an abuse is present. The court's conclusion that the evidence sought to be admitted was not relevant to the issues in this case falls within the reasonable exercise of the court's discretion and we find no abuse. This questioning was properly prohibited.

*Murray v. State*, 219 Ga. App. at 407.

2. Richardson contends the trial court denied his right to confront the witnesses against him because the trial court denied his request to stand behind the jury box even though the layout of the courtroom prevented him from seeing witnesses as they testified. But the right of confrontation does not require that the defendant be able to see witnesses as they testify.

> The primary object of the confrontation clause is a personal examination and cross-examination of the witness in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling [the witness] to stand face to face with the jury in order that they may look at him, and judge his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief.

(Citations, punctuation and emphasis omitted.) *Ortiz v. State*, 188 Ga. App. 532, 533-534 (2) (374 SE2d 92) (1988). "The right of confrontation is provided not for the idle purpose of gazing upon the witness or of being gazed upon by him," but, rather to allow the accused to cross-examine the witness in court and in full view of the trier of fact. (Citations, punctuation and emphasis omitted.) Id. at 535 (2).

In this case, Richardson's counsel had the opportunity to and did thoroughly cross-examine the State's witnesses who were in full view of the jury. Richardson's attorney moved around the courtroom so that he could see the witnesses more clearly. The trial court did not violate Richardson's right to confront the witnesses. *Ortiz v. State*, 188 Ga. App. at 535 (2). See also *Price v. State*, 223 Ga. App. 185, 187-188 (6) (477 SE2d 353) (1996) (dicta).

3. Richardson contends the trial court abused its discretion in allowing evidence that he possessed a handgun when arrested on a bench warrant 18 months after the offense.

"Circumstances surrounding an arrest are often admissible as part of the res gestae, because the arrest was contemporaneous or closely related in time to the offense and bore a logical relation to the offense." (Citation and punctuation omitted.) *Shelton v. State*, 252 Ga. App. 444, 447-448 (3) (556 SE2d 540) (2001). See *Gober v. State*, 249 Ga. App. 168, 173-174 (6) (547 SE2d 656) (2001) (evidence that the defendant was in lawful possession of a gun when arrested immediately after the crime was admissible as part of the res gestae regardless of whether the evidence incidentally showed the commission of another crime, put the defendant's character at issue, or was prejudicial). Such evidence, however, is not "automatically relevant." *Benford v. State*, 272 Ga. 348, 350 (3) (528 SE2d 795) (2000). "Rather, such evidence is subject to the same standard of relevancy and materiality applicable to other evidence" and is inadmissible "where the evidence is wholly unrelated to the charged crime, the arrest is remote in time from the charged crime, and the evidence is not otherwise shown to be relevant." Id. Here, it appears evidence Richardson had a gun when arrested 18 months after the offense was irrelevant because the arrest was not closely related in time to the offense and bore no logical relation to the offense. *Shelton v. State*, 252 Ga. App. at 447-448 (3). Cf. *Gober v. State*, 249 Ga. App. at 173-174 (6) (arrest immediately followed offense).

Contrary to Richardson's argument, however, lawful possession of a gun does not, by itself, impute bad character. *Gomillion v. State*, 236 Ga. App. 14, 17 (3) (b) (512 SE2d 640) (1999). Assuming for the sake of argument that the evidence of the gun was evidence of bad character in this case, we find no reasonable probability that the results of the trial would have differed if the evidence of the gun had been excluded. Accordingly, admission of the irrelevant evidence was, at most, harmless error. *Benford v. State*, 272 Ga. at 350 (3); *Shelton v. State*, 252 Ga. App. at 447-448 (3).

4. Richardson contends the mandatory life sentence for kidnapping with bodily injury constitutes cruel and unusual punishment. This Court has found the mandatory life sentence for kidnapping with bodily injury constitutional. *Green v. State*, 193 Ga. App. 894,

896 (2) (389 SE2d 358) (1989); *Albert v. State*, 180 Ga. App. 779, 787 (10) (350 SE2d 490) (1986). This enumeration lacks merit.

*Judgment affirmed. Smith, P. J., and Eldridge, J., concur.*

DECIDED JULY 2, 2002 —

*Gary P. Bunch*, for appellant.

*Peter J. Skandalakis, District Attorney, Kevin W. Drummond, Anne C. Allen, Assistant District Attorneys*, for appellee.