## S02G1698. RICHARDSON v. THE STATE.
### (581 SE2d 528)

CARLEY, Justice.

Terry Richardson was tried for rape and kidnapping with bodily injury. At trial, he admitted engaging in sexual intercourse with the victim, but claimed that it was consensual. On direct examination, the victim testified that she was walking to an ex-boyfriend's home to return his jacket when she accepted a ride from Richardson. According to her, he drove to a secluded area and assaulted her. During cross-examination, the defense sought to inquire further about the former boyfriend. The contention was that the victim wanted to rekindle a relationship with him, but his jacket became stained with blood and semen during the voluntary intercourse with Richardson. According to the defense, she then fabricated the rape charge to explain those stains and to prevent the act of consensual sex from hindering a possible reconciliation with her previous boyfriend. The trial court disallowed this cross-examination, finding that it was irrelevant and barred by the rape-shield law.

During the trial, Richardson also asked if he could stand behind

the jury box. The basis for this request was his assertion that, while seated at the defense table, he was unable to see the witnesses as they testified. The trial court did not allow him to do as he requested.

The jury found Richardson guilty of both offenses. On appeal, he enumerated as error the trial court's rulings on cross-examination of the victim and the right to confront the witnesses. The Court of Appeals found no merit in either assertion, and affirmed the convictions. *Richardson v. State*, 256 Ga. App. 322, 323-326 (1), (2) (568 SE2d 548) (2002). We granted certiorari to address the two issues.

1. A defendant in this state enjoys the right to a thorough and sifting cross-examination. OCGA § 24-9-64. However, this right is not unlimited. The trial court "may restrict the cross-examination to matters material to the issues. [Cit.]" *Waller v. State*, 213 Ga. 291, 294 (5) (99 SE2d 113) (1957). Insofar as the permissible scope of cross-examination in a rape prosecution is concerned, OCGA § 24-2-3 (a) provides, in relevant part, that evidence "relating to the past sexual behavior of the complaining witness shall not be admissible . . . ." By its express terms, however, this provision only bars evidence regarding the *sexual* aspects of a prior relationship. The judiciary is not free to disregard this clear limitation on the evidence that is excludable under the statute.

> Courts of last resort must frequently construe the language of a statute, but such courts may not substitute by judicial interpretation language of their own for the clear, unambiguous language of the statute, so as to change the meaning.

*Frazier v. Southern R. Co.*, 200 Ga. 590, 593 (2) (37 SE2d 774) (1946). Evidence merely that the victim has or had a romantic relationship with another man does not reflect on her character for sexual behavior. Therefore, so long as Richardson confined his questioning to the non-sexual nature of the victim's former relationships, the statute would not be a basis for curtailing his cross-examination of her. See *Banks v. State*, 185 Ga. App. 851, 853 (2) (366 SE2d 228) (1988) (State's introduction of testimony that victim was "going steady" did not open door to introduction by defense of evidence of her past sexual experience). Compare *Harris v. State*, 257 Ga. 666 (1) (362 SE2d 211) (1987) (evidence that victim was prostitute related to her sexual behavior and was inadmissible); *Alford v. State*, 243 Ga. App. 212, 215 (5) (534 SE2d 81) (2000) (victim's mode of dress at time of rape was inadmissible); *Burley v. State*, 190 Ga. App. 75, 77 (2) (378 SE2d 328) (1989) (victim's marital history implicates her sexual behavior and was inadmissible).

There is no indication that the defense intended to exceed that limitation and to pursue the inadmissible topic of the victim's sexual

history with other men. The proposed inquiry was confined to the existence of a relationship with an ex-boyfriend and whether the desire to reestablish that relationship was a motive to make a false claim of rape. "The possibility that [the proposed questions] may have been construed as implicating past sexual conduct could have been eliminated with a corrective instruction to the jury." *George v. State*, 257 Ga. 176, 177 (1) (356 SE2d 882) (1987). Therefore, the trial court and the Court of Appeals erred in relying upon the rape-shield law to preclude Richardson from cross-examining the victim in this regard. *George v. State*, supra at 176 (1); *Villafranco v. State*, 252 Ga. 188, 193 (1) (313 SE2d 469) (1984).

The evidentiary ruling would be correct only if non-sexual questioning of the victim about her previous relationship was irrelevant to the motive that Richardson attributed to her. He did not contend that she was lying to protect an existing relationship. Compare *Olden v. Kentucky*, 488 U. S. 227 (109 SC 480, 102 LE2d 513) (1988). His position was that, because she desired to rekindle a relationship with her former boyfriend, she needed an explanation for the stained jacket when she returned it to him and, thus, she fabricated the rape charge. As the trial court and the Court of Appeals observed, she was not compelled to return the stained jacket and had other options, such as cleaning it or claiming that it was lost, which would not threaten a possible reconciliation. The existence of other measures which, if pursued, would prevent the victim's former boyfriend from learning about the sexual encounter with Richardson is certainly a factor bearing on the viability of the defense's contention that she lied about engaging in consensual sex with him. However, such credibility determinations are properly left to the jury. On cross-examination, " 'it is always permissible to sift the motives of the witness and to show, if possible, any reason other than a purpose to tell the truth which may consciously or unconsciously actuate him in his testimony. (Cit.)' [Cits.]" *Arnold v. State*, 163 Ga. App. 10, 13 (4) (293 SE2d 501) (1982). Although a trial court has discretion in determining the admissibility of evidence, the long-standing rule in this state favors the admission of any relevant evidence, no matter how slight its probative value. *Hudson v. State*, 273 Ga. 124, 126 (2) (538 SE2d 751) (2000). The trial court erroneously prevented Richardson from presenting for the jury's consideration all testimony relevant to his consent defense, and the Court of Appeals erred in affirming that ruling.

2. "The Confrontation Clause does not . . . compel the witness to fix his eyes upon the defendant; he may studiously look elsewhere . . . ." *Coy v. Iowa*, 487 U. S. 1012, 1019 (II) (108 SC 2798, 101 LE2d 857) (1988). See also *Ortiz v. State*, 188 Ga. App. 532, 533 (2) (374 SE2d 92) (1988). However, that constitutional provision does "guar-

antee[ ] the defendant a face-to-face meeting with witnesses appearing before the trier of fact. [Cit.]" *Coy v. Iowa*, supra at 1016 (II). Therefore, the Court of Appeals erred in holding that "the right of confrontation does not require that the defendant be able to see witnesses as they testify." *Richardson v. State*, supra at 325 (2). Richardson could not insist that the witnesses look directly at him as they testified, but he was entitled to an unobstructed view of them while they were on the stand.

It is unclear from the record whether Richardson's constitutional right of confrontation was violated in this case. The record shows that the trial court offered to move the defense table, but that Richardson declined that alternative. According to the trial court, "[i]f he moved over there on the end kind of like [the prosecution's] table is, [then the witnesses would] be able to see him." If that is true, then Richardson waived his right by rejecting the trial court's offer. However, we need not decide whether there was a violation or a waiver. Richardson must be retried for the reason discussed in Division 1 and, at the retrial, the trial court will undoubtedly provide the face-to-face confrontation with witnesses that the Constitution guarantees.

*Judgment reversed. All the Justices concur, except Benham and Hunstein, JJ., who dissent.*

BENHAM, Justice, dissenting.

I respectfully disagree with the majority's determination that the Court of Appeals erred when it affirmed the trial court's grant of the State's motion in limine to exclude evidence about the victim's relationship with her former boyfriend. I agree with the Court of Appeals' assessment that the trial court did not abuse its discretion when it determined the evidence the defendant wished to present was not relevant. I take issue with the majority's narrow construction of the coverage of the rape shield statute (OCGA § 24-2-3) and the result of the majority's conclusion — it encourages a defendant accused of rape to cry, "Motive to lie" and thereby win judicial approval to bypass the rape shield statute whenever the victim is a partner in a meaningful relationship, has recently ended a meaningful relationship, or might wish to be in a meaningful relationship. Instead, I believe a rape defendant has a right to cross-examine a victim in order to expose a motive to fabricate a rape charge but that right is limited to relevant and probative evidence, and a rape victim's relationship with one person is relevant and probative of the victim's motive to lie about being raped by another only if the defendant can make a proffer of facts, not a statement of theory, from which the jury can immediately discern a motive to lie. Under that standard, the Court of Appeals did not err when it determined the trial

court did not abuse its discretion when it prohibited the defendant from cross-examining the victim about her relationship with her former boyfriend.

1. The majority construes the rape shield statute as barring only "evidence regarding the *sexual* aspects of a prior relationship," and concludes that cross-examination of the victim concerning the non-sexual nature of the victim's former relationships does not fall within the statute's coverage. I disagree with such a narrow reading of the coverage of the rape shield statute and take issue with the majority's creation of an undefined vague guideline that I assume prohibits only evidence with a "sex" component. The rape shield statute " 'is a strong legislative attempt to protect the victim-prosecutrix in rape cases by the exclusion of evidence which might reflect on the character of the witness without contributing materially to the issue of the guilt or innocence of the accused.' [Cit.]" *Harris v. State*, 257 Ga. 666, 667 (1) (a) (362 SE2d 211) (1987). OCGA § 24-2-3 (a) states that evidence of a rape victim's "past sexual behavior" is not admissible as direct evidence or on cross-examination unless the trial court makes certain findings not applicable in the case at bar, and the statute contains a non-exhaustive list of what constitutes evidence of "past sexual behavior."[1] The examples set forth in the statute (e.g., mode of dress, marital history) make it clear that the statute prohibits more than evidence regarding the "sexual aspects" of a prior relationship. See *Alford v. State*, 243 Ga. App. 212 (5) (534 SE2d 81) (2000) (trial court properly barred introduction of evidence about victim's attire at the time of the attack); *Burley v. State*, 190 Ga. App. 75 (2) (378 SE2d 328) (1989) (trial court properly barred introduction of evidence about victim's marital history). I cannot endorse the needless judicial creation of an undefined exception to the rape shield statute.

2. While the scope of evidence excluded by the rape shield statute is, in my view, broader than the scope espoused by the majority, I recognize that the evidentiary safeguards provided by the statute must yield, in the proper circumstances, to a defendant's constitutional right to confront the witnesses against him by means of cross-examination. This case, however, does not present the proper circumstances.

The Sixth Amendment to the United States Constitution, as

---

[1] Evidence of the past sexual behavior of the complaining witness is admissible if the trial court finds after conducting an in camera hearing that the past sexual behavior directly involved the defendant and the proffered evidence supports an inference that the defendant could have reasonably believed the complaining witness consented to the intercourse alleged to be rape. OCGA § 24-2-3 (b). Evidence of "past sexual behavior" "includes, but is not limited to, evidence of the complaining witness's marital history, mode of dress, general reputation for promiscuity, nonchastity, or sexual mores contrary to community standards." OCGA § 24-2-3 (a).

incorporated in the Fourteenth Amendment, guarantees a person accused of a crime the right to confront the witnesses against him. However, the Confrontation Clause does not prohibit the imposition of limits on cross-examination. In *Delaware v. Van Arsdall*, 475 U. S. 673, 679 (106 SC 1431, 89 LE2d 674) (1986), the U. S. Supreme Court made it clear that trial judges

> retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.

See also *Hines v. State*, 249 Ga. 257 (2) (290 SE2d 911) (1982). In *Olden v. Kentucky*, 488 U. S. 227 (109 SC 480, 102 LE2d 513) (1988), the case relied upon by appellant, the U. S. Supreme Court held that the constitutional right of confrontation was violated when a rape defendant was not permitted to impeach the complaining witness by eliciting on cross-examination facts showing that she had a motive to lie about the rape because she was living with and having an extramarital affair with the male witness who saw her exit the defendant's car and to whom she immediately stated she had been raped.[2] The Court described the excluded cross-examination as having "such strong potential to demonstrate the falsity of [the complaining witness's] testimony[,]" and stated, "It is plain to us that a reasonable jury might have received a significantly different impression of the witness' credibility had defense counsel been permitted to pursue his proposed line of cross-examination." (Punctuation omitted.) Id., 488 U. S. at 232. Thus, it was not merely the presentation of a theory that the complaining witness had a motive to lie that made the proffered testimony relevant, but the presentation of facts from which the jury could immediately discern a motive to lie which made the proffered evidence probative and triggered the right of confrontation. See *Lewis v. State*, 591 S2d 922 (Fla. 1991), where the Supreme Court of Florida ruled that a rape defendant's constitutional right of confrontation was violated when he was not permitted to elicit testimony that the complaining witness, his stepdaughter, had engaged in sexual activity with her boyfriend, had lied about the sexual activity to her mother, and was scheduled to undergo a gynecological exam a

---

[2] There was no question concerning the applicability of Kentucky's rape shield statute since the Kentucky Court of Appeals had held that evidence that the complaining witness and the male corroborating witness were living together at the time of trial was not barred by the rape shield law.

week after she accused her stepfather of conduct that would explain the anticipated results of the physical examination. Compare *State v. Adderly*, 803 S2d 760 (Fla. App. 2001), where the Florida Court of Appeals ruled that the defendant's right of confrontation did not authorize the presentation of evidence that the victim had accused him of oral sodomy because she wanted to tell her mother of her sexual activity with her boyfriend and told her mother of the defendant's oral sodomy upon her in order to prevent the mother from becoming angry about her sexual activity with her boyfriend.

In the case at bar, the jury was made aware through the complaining witness's testimony on direct examination that she had broken up with a boyfriend the day before her encounter with the defendant and that she encountered the defendant while on her way to the former boyfriend's home to retrieve personal items and return items belonging to the former boyfriend. On cross-examination, appellant did not wish to present facts from which the jury could discern that the complaining witness was lying about being raped. Instead, appellant wished to theorize that the complaining witness was going to her former boyfriend's home at a time when she knew he was not there in order to return a jacket that could only be returned that day, and had to lie to a woman at the house about being raped in order to have an explanation for the former boyfriend about some stains on the jacket. I agree with the Court of Appeals that the proffer made by appellant was too attenuated to be relevant and probative, and that the trial court did not abuse its discretion when it refused to allow the theory to be presented to the jury. Accordingly, I believe the judgment of the Court of Appeals affirming appellant's conviction should be affirmed.

I am authorized to state that Justice Hunstein joins this dissent.

DECIDED JUNE 2, 2003.

*Gary P. Bunch*, for appellant.
*Peter J. Skandalakis, District Attorney, Anne C. Allen, Assistant District Attorney*, for appellee.