A03A1631. WILLIAMS v. THE STATE.
(588 SE2d 790)

PHIPPS, Judge.

George Williams was charged with two counts each of rape, statutory rape, and child molestation. A jury found him guilty of all charges. After the trial court merged the statutory rape and child molestation convictions into the rape convictions, Williams was given consecutive ten-year sentences for the two counts of rape. In this appeal, Williams complains of the trial court's ruling that evidence sought to be introduced by the defense concerning consensual sexual activity between the victim and others was inadmissible under the Rape Shield Statute.[1] Finding no abuse of discretion, we affirm.

In October or November 1999, Williams, who was then 43, rented a room in a house in which 12-year-old S. C. and other members of her family resided. In March 2000, S. C. was taken to the hospital with complaints of abdominal cramps and excessive vaginal bleeding. At the hospital, she suffered a miscarriage of a fetus determined to be between eight and sixteen weeks old. The hospital failed to preserve the fetal tissue in a condition that would have permitted determinative DNA paternity testing. About a week after the miscarriage, S. C. told her mother and others that Williams had caused her pregnancy by forcing himself on her. At trial, S. C. testified that in December 1999, and again in January 2000, Williams had come into her room and raped her.

The state filed a motion in limine invoking the Rape Shield Statute to exclude any evidence or comment concerning prior sexual activities of S. C. At the start of the trial, out of the presence of the jury, the court heard the motion, and it was established at the hearing that defense counsel wanted to present evidence, through a pre-

---

[10] See *Morrison v. State*, 220 Ga. App. 151, 154-155 (3) (b) (469 SE2d 686) (1996).
[1] OCGA § 24-2-3.

trial statement by S. C., that she had had sexual intercourse with her boyfriend about six months prior to the alleged rape. The defense also wanted to show, through the testimony of Williams, that S. C. had been sneaking young boys into the house during the months she was allegedly raped.

Because it was expected that the medical evidence would show that the fetus was about twelve to sixteen weeks old at the time of the miscarriage, the court refused to admit evidence that S. C. had had sexual intercourse with her boyfriend some six months prior to the alleged rape on the ground that, given the time frames, he could not have caused the pregnancy. The court also ruled that the Rape Shield Statute barred evidence that S. C. had been sneaking boys into the house at about the time of the alleged rape. However, the court indicated that if the defense offered testimony by one of the young men that he had had sex with S. C. during the time in question, it might be admitted.

1. The Rape Shield Statute bars the admission of evidence relating to the victim's past sexual behavior

> unless it directly involves the accused's participation and supports an inference that the accused could have reasonably believed that the victim consented to the conduct at issue. [Cits.] The evidence may also be admitted on a finding that it "is so highly material that it will substantially support a conclusion that the accused reasonably believed that the complaining witness consented to the conduct complained of and that justice mandates the admission of such evidence." [Cits.][2]

Without consideration of the Rape Shield Statute, we have held that "[i]n a child molestation case evidence as to the victim's reputation for nonchastity is not admissible. Nor may evidence be admitted to discredit the victim by showing her preoccupation with sex."[3] We have also held the Rape Shield Statute applicable in child molestation cases.[4]

"The purpose of the rape shield law is to protect the complaining witness from intrusive inquiries into her history of sexual activity with persons other than the defendant, inquiries which could only be intended to support the inference that the victim consented to inter-

---

[2] *Davis v. State*, 235 Ga. App. 362, 363 (1) (509 SE2d 655) (1998).

[3] (Citations and punctuation omitted.) *Woods v. State*, 187 Ga. App. 105 (1) (369 SE2d 353) (1988).

[4] *McGarity v. State*, 224 Ga. App. 302, 303 (1) (480 SE2d 319) (1997).

course with the defendant. [Cits.]"[5] The statute "is a strong legislative attempt to protect the victim-prosecutrix in rape cases by the exclusion of evidence which might reflect on the character of the witness without contributing materially to the issue of the guilt or innocence of the accused."[6] Generally,

> [i]t prohibits all evidence relating to the past sexual behavior of the complaining witness, including marital history, mode of dress, general reputation for promiscuity, nonchastity or sexual mores contrary to community standards; in other words, her reputation concerning past sexual activity with persons other than the defendant. OCGA § 24-2-3 assists the truth-seeking process by preventing the jury from becoming inflamed or impassioned and deciding the case on irrelevant and prejudicial evidence.[7]

Given the purposes of the Rape Shield Statute, there appears no meaningful distinction between sexual behavior before and after the crime, so that evidence of "past sexual behavior" includes evidence of any sexual behavior by the victim before trial.[8] Where, however, evidence of sexual activity between the victim and persons other than the defendant has been relevant on some issue other than consent, we have allowed its admission by creating exceptions to the Rape Shield Statute

> when the State introduces medical evidence which indicates that the child has been sexually abused or when the State presents evidence that the child exhibits symptoms of the abuse accommodation syndrome. [Cit.] The purpose of [these] exception[s] is to permit evidence that the victim's medical and behavioral symptoms were caused by someone else other than the defendant. [Cit.][9]

" 'The admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court,

---

[5] *Richardson v. State*, 256 Ga. App. 322, 323 (1) (568 SE2d 548) (2002), rev'd on other grounds, 276 Ga. 639 (581 SE2d 528) (2003).

[6] (Punctuation and footnote omitted.) *Banks v. State*, 230 Ga. App. 258, 259 (2) (495 SE2d 877) (1998).

[7] (Punctuation and footnotes omitted.) Id.

[8] *State v. Wattenbarger*, 97 Ore. App. 414, 417-419 (776 P2d 1292) (1989); *Flurry v. State*, 290 Ark. 417, 418-419 (720 SW2d 699) (1986).

[9] *Rocha v. State*, 248 Ga. App. 53, 56 (2) (545 SE2d 173) (2001); see also *Lemacks v. State*, 207 Ga. App. 160 (427 SE2d 536) (1993) (evidence concerning prior molestations of victim admissible to show that someone other than the defendant had caused victim's physical injuries; Rape Shield Statute inapplicable).

whose decision will not be disturbed on appeal absent a clear abuse of discretion.' [Cit.]"[10]

In this case, the state was allowed to present evidence that S. C. had become pregnant, and the state sought to have the jury infer that the pregnancy was caused by Williams.[11] Therefore, evidence that the pregnancy had been caused by someone other than Williams was relevant for a purpose other than showing the victim's consent. The trial court, however, determined that the evidence sought to be admitted by Williams was not sufficiently probative on that issue to warrant its admission in evidence.

*Green v. State*[12] presented a similar situation. *Green* was a rape case in which the defense sought to show that the 13-year-old victim was sexually active at the time of the alleged attack to establish that she was afraid she was pregnant, did not want her parents to know she was having consensual sex, and thus had a motive for falsely accusing the defendant of rape. *Green* held that this was "precisely the type of irrelevant, prejudicial evidence the [Rape Shield] [S]tatute is intended to exclude."[13] The court in *Green* went on to recognize that, as for relevance, the evidence Green sought to introduce would have done little, if anything, to support his theory that the witness had falsely accused him of rape in order to explain a pregnancy. The consensual sexual activity in which the victim in *Green* had engaged had occurred years earlier, so that it could not have resulted in her being pregnant when she reported the rape. Thus, the court held that "evidence that the young victim was sexually active would not have contributed materially to the issue of the guilt or innocence of the accused in this case, but most likely would have reflected on the witness' character. [Cit.]"[14]

In this case, much the same as in *Green*, the time frames authorized the trial court to find that evidence of sexual activity between the victim and her boyfriend would not have supported the defense theory that someone else had caused her pregnancy. For this reason, the trial court did not abuse its discretion in refusing to admit such evidence. Nor did the court abuse its discretion in refusing to admit testimony by Williams that S. C. was sneaking boys into her house during the months she claims that she was raped. The court was authorized to find that because such evidence would have done nothing more than lead to a speculative inference that S. C. was engaging in sexual intercourse with others, it would have reflected on her

---

[10] *Chambers v. State*, 213 Ga. App. 284, 287 (1) (b) (444 SE2d 833) (1994).
[11] Compare *Carson v. State*, 259 Ga. App. 21, 23 (4) (576 SE2d 12) (2002).
[12] 221 Ga. App. 436 (472 SE2d 1) (1996).
[13] Id. at 437.
[14] Id.

character without contributing materially to the issue of Williams's guilt or innocence.

2. Williams also complains that the prosecuting attorney commented in closing argument that no reason had been presented why S. C. would falsely accuse him of rape.

Although this comment may have opened the door to introduction of evidence of consensual sexual activity between S. C. and others around the time of the rape if the comment had been made in the prosecutor's opening statement,[15] the comment was not made until closing argument after the trial court had ruled on the state's motion in limine. And the defense did not object to the comment or ask the court to take any remedial action as a result of it. Therefore, no ground for reversal appears.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 9, 2003.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.

---

[15] See *McGarity v. State*, supra.