A94A2023. BATES v. THE STATE.
(454 SE2d 811)

SMITH, Judge.

Following a jury trial, Richard Bates appeals from his conviction entered on a charge of sexual battery. OCGA § 16-6-22.1 (b). He argues the trial court erred in denying his pretrial motion to rule admissible evidence that the victim had allegedly engaged in sexual activity with her ex-boyfriend during the "55 to 57 hour period immediately prior to the alleged act of sexual battery." He also contends the trial court erred in applying the rape shield statute, OCGA § 24-2-3, in ruling the evidence inadmissible. Bates's essential position at trial was that the alleged sexual activity of the victim he sought to present to the jury somehow proved the victim's vindictive attitude towards Bates.

This is clearly not a case where the trial court felt compelled to exclude evidence of the victim's past sexual conduct based solely on the rape shield statute. On the contrary, the transcript reveals the trial court was of the opinion "that [the evidence subject to Bates's motion in limine] has no bearing at all on this case, and any of those allegations are separate and distinct and totally unrelated and would certainly — obviously the reason those kinds of things are not allowed is it would be highly prejudicial and wouldn't have any bearing on the case that's going to be tried." We agree. *Villafranco v. State*, 252 Ga. 188, 194-195 (2) (313 SE2d 469) (1984), relied upon by Bates, is readily distinguishable precisely because the evidence excluded in that case was otherwise admissible "as evidence of existing motive and state of mind." Id. Bates's argument here, on the other hand, is specious at best, and we are wholly unconvinced that the evidence excluded tended in any way to disprove any element of the State's case. We therefore conclude the trial court properly exercised its discretion in applying the rape shield principle in a case where not required by statute to do so.

"The scope of cross examination is not unlimited. The extent of permissible cross examination lies within the sound discretion of the court. [Cits.] An irrelevant or immaterial line of inquiry *may* be curtailed. [Cits.] Inquiry into the prosecutrix' past sexual experiences [is] irrelevant to whether or not she was molested by this defendant. [Cits.]" (Emphasis supplied.) *Decker v. State*, 139 Ga. App. 707, 708 (2) (229 SE2d 520) (1976). The reasoning applied in *Decker* is equally applicable in this case, and it is the same reasoning that both predates and underlies OCGA § 24-2-3. See *Lynn v. State*, 231 Ga. 559 (203 SE2d 221) (1974).

Bates argues the rape shield statute should not be "expanded" to apply to sexual offenses punished as misdemeanors. However, we need not decide this question, which reveals a basic misunderstanding

of the statute's true function. OCGA § 24-2-3 does not generally *authorize* the court to exclude evidence of a victim's past sexual conduct in rape cases, but instead acts to curtail severely the discretion the trial court might otherwise have to *allow* essentially irrelevant and potentially prejudicial evidence of the victim's past sexual conduct to be admitted in such trials.[1] It therefore follows that in a proper case a trial court may, in its discretion, apply the "rape shield" principle even where the exclusion is not mandated under OCGA § 24-2-3.

It would pervert the intent of the General Assembly to hold that if an offense is not specifically covered under OCGA § 24-2-3, the trial court is without discretion to curtail an otherwise "irrelevant or immaterial line of inquiry." *Decker*, supra. The trial court's ruling and reasoning reveals no abuse of discretion and therefore constitutes no basis for reversal.

*Judgment affirmed. McMurray, P. J., and Pope, P. J., concur.*

DECIDED MARCH 10, 1995.

*Van C. Wilks*, for appellant.
*Wiggins & Camp, S. James Tuggle*, for appellee.

---

[1] It appears that the most significant policy served by the rape shield statute is that "[i]t encourages victims of rape to come forward with the truth." *Harris v. State*, 257 Ga. 666, 667 (1) (a) (362 SE2d 211) (1987). However, when considering the *discretionary* application of the principle behind excluding testimony of a prosecutrix' past sexual conduct, *Harris* also aptly observes that "[w]omen who have already been victimized do not wish to be placed in the position of having their past 'self' exposed when it serves no purpose but to 'chill' the reporting of a crime." (Footnote omitted.) Id. at 667 (1) (b). When that is indeed the only purpose served, it is beyond cavil there can be no error in the discretionary exclusion of such evidence.