## A96A0346. GREEN v. THE STATE.
### (472 SE2d 1)

JOHNSON, Judge.

Isaac Green appeals from his rape conviction and the denial of his motion for new trial. He contends that he was denied his sixth amendment right of confrontation when the trial court did not permit him to cross-examine the victim concerning her past sexual activities with other males. Green argues that he should have been allowed to ask the victim, who was 13 years old when the alleged attack occurred, whether she was sexually active at the time, so that he could establish that she had a motive for falsely accusing him of rape: that is, because she was afraid she was pregnant and did not want her parents to know she was having consensual sex, she told them she had been raped.

The Georgia Rape Shield Statute, OCGA § 24-2-3, prohibits the admission of evidence relating to the past sexual behavior of the complaining witness, except where that behavior directly involved the participation of the accused and the evidence at issue supports an inference that the accused could have reasonably believed that the witness consented to the conduct complained of in the prosecution. Green correctly conceded at trial that the evidence he sought to introduce did not fall within the exception to the statute. See OCGA § 24-2-3 (b). He argues, however, that the victim's rights under the statute must yield to his constitutional right to confront witnesses against him. Green's argument is without merit.

"The right to confront and to cross-examine is not absolute and

may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process." (Citations and punctuation omitted.) *Harris v. State*, 257 Ga. 666 (1) (362 SE2d 211) (1987). "An important state interest that the right of confrontation must accommodate is an interest that furthers the truth-finding process. The Georgia Rape Shield Statute . . . assists the truth-seeking process by preventing the jury from becoming inflamed or impassioned and deciding the case on irrelevant and prejudicial evidence." (Citations and punctuation omitted.) Id. at (1) (a).

Green's contention that the evidence should have been admitted contravenes not only the letter of the Rape Shield Statute, but the spirit of it as well. The evidence Green sought to introduce is precisely the type of irrelevant, prejudicial evidence the statute is intended to exclude. Obviously, evidence that the 13-year-old victim had engaged in sexual activity with other males might inflame or impassion the jury. As for relevance, the evidence Green sought to introduce would have done little, if anything, to support his theory that the witness made false accusations in order to explain a pregnancy. The victim's boyfriend testified that he and the victim had been dating for over two years and that they had a child who was ten months old in May 1995, the time of the trial in this case. Contrary to defense counsel's closing argument, the victim could not have been pregnant with this child at the time she reported the rape in November 1992. Green has not argued that she was pregnant with any other child at the time the assault was reported. Thus, more evidence that the young victim was sexually active would not have contributed materially to the issue of the guilt or innocence of the accused in this case, but most likely would have reflected on the witness' character. See *Veal v. State*, 191 Ga. App. 445, 447 (4) (382 SE2d 131) (1989). "Thorough cross-examination is a principal means of ascertaining the truth, but a witness has a 'right . . . to be examined only as to relevant matter and to be protected from improper questions. . . .' OCGA § 24-9-62." *Harris*, supra at 668 (1) (b). The evidence was properly excluded. See *Snyder v. State*, 201 Ga. App. 66, 67 (5) (410 SE2d 173) (1991); see also *Kilgore v. State*, 195 Ga. App. 884 (1) (395 SE2d 337) (1990). We point out that to allow the introduction of evidence of a witness' past sexual behavior for the purpose of showing that she may have been pregnant at the time the allegations were made and may have therefore made up the charges in an effort to justify or explain the pregnancy, would be to permit defendants to circumvent the Rape Shield Statute and thwart the intent of the legislature in enacting the statute. We cannot allow such a result.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED MAY 1, 1996 —
RECONSIDERATION DENIED MAY 15, 1996 —

King, King & Jones, David H. Jones, for appellant.

Lewis R. Slaton, District Attorney, Rebecca A. Keel, Patsy Y. Porter, Assistant District Attorneys, for appellee.