## A03A2111. ABDULKADIR v. THE STATE.
### (592 SE2d 433)

JOHNSON, Presiding Judge.

Yasin Abdulkadir was indicted for rape, incest, child molestation, and aggravated child molestation. Following a jury trial, Abdulkadir was convicted of child molestation and aggravated child molestation. He claims on appeal that the trial court erred in (1) denying his motion for a new trial, and (2) misapplying OCGA § 24-2-3 (a), the rape shield statute, to exclude certain proffered testimony of the victim's mother and in limiting the cross-examination of the victim. Abdulkadir also claims that the evidence was insufficient to support the verdict. For reasons set forth below, we disagree.

On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the jury's verdict.[1] So viewed, the evidence shows that in March 2000, the 13-year-old victim lived with her mother, Leila Ahmed, and her stepfather, Abdulkadir, in a DeKalb County apartment. Abdulkadir began to touch the victim in what she described as "the wrong way." When the victim and Abdulkadir were on the couch together, Abdulkadir, who told the victim he was checking to see if she were pregnant, inserted his finger into her vagina. He then put his tongue on her vagina. The victim testified that Abdulkadir later put his penis "like halfway" into her vagina. Abdulkadir asked the victim not to tell anyone about what happened, and the victim did not tell anyone until she told Ahmed several months later.

1. Abdulkadir claims the evidence was insufficient to support his convictions for child molestation and aggravated child molestation. He points to several discrepancies between what the victim told the police and what she testified to at trial. For instance, she told the detective that she was wearing jeans when the incident occurred, but at trial she testified that she was wearing a skirt. The victim also told the detective she was molested on March 12, 2000, after coming home from school, but when the defense attorney told her March 12, 2000, was a Sunday, she testified that she may have told the detective the events occurred "around" that date. "However, resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court."[2] Abdulkadir also contends that the victim's testimony was largely uncorroborated, but a victim's testimony need not be corroborated to support a find-

---

[1] *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).

[2] (Citation and punctuation omitted.) *Dean v. State*, 273 Ga. 806, 807 (1) (546 SE2d 499) (2001).

ing of guilt for child molestation and aggravated child molestation.[3] The evidence was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that Abdulkadir was guilty of the crimes for which he was convicted.[4]

2. Abdulkadir claims the trial court erred in denying his motion for a new trial because the restrictions of OCGA § 24-2-3 (a), the rape shield statute, prevented him from fully cross-examining the victim and introducing certain proffered testimony of the victim's mother. He argues that because the jury found him innocent of rape and incest that a new trial should be granted on the charges of child molestation and aggravated child molestation so that a jury could consider evidence that would not be barred by the rape shield statute. We disagree.

The threshold issue is whether the rape shield statute applies to prosecutions for child molestation and aggravated child molestation. If the statute applies, Abdulkadir cannot show a different standard for the introduction of evidence in the rape prosecution and the crimes for which he was convicted, and we need not consider his argument that evidentiary restrictions peculiar to the rape prosecution require he be granted a new trial.

We have consistently held that the rape shield statute applies to child molestation cases.

> With some limited exceptions, the rape shield statute, OCGA § 24-2-3 (b), excludes evidence relating to the past sexual behavior of the complaining witness. This statute applies in child molestation cases. Generally, in a child molestation case, evidence as to the victim's reputation for nonchastity is not admissible. Nor may evidence be admitted to discredit the victim by showing her preoccupation with sex.[5]

Abdulkadir questions the development of the case law applying the rape shield statute to child molestation. He points out that in *McGarity v. State*,[6] in which we specifically held that the rape shield statute applies to prosecutions for child molestation, we relied on *Flowers v. State*.[7] *Flowers* involved the defendant's appeal from con-

---

[3] *Ferrell v. State*, 256 Ga. App. 692, 694 (1) (569 SE2d 899) (2002); *Sewell v. State*, 244 Ga. App. 449, 451 (1) (c) (536 SE2d 173) (2000).

[4] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[5] (Citations, punctuation and footnotes omitted.) *Jarvis v. State*, 253 Ga. App. 581, 583 (2) (560 SE2d 29) (2002). See also *Carson v. State*, 259 Ga. App. 21, 23-24 (4) (576 SE2d 12) (2002); *McGarity v. State*, 224 Ga. App. 302, 303-304 (1) (480 SE2d 319) (1997).

[6] Supra.

[7] 220 Ga. App. 814, 816-817 (5) (468 SE2d 199) (1996), overruled on other ground, *Strickland v. State*, 223 Ga. App. 772, 775 (1) (a) (479 SE2d 125) (1996).

victions for sexual battery, fornication, and aggravated child molestation, but the defendant was prosecuted for incest and sodomy as well.[8] Abdulkadir contends that we found the rape shield statute to apply in *Flowers* because of these rape-equivalent charges, and not because of the child molestation charges, and so we misconstrued *Flowers* in *McGarity*. He further contends that because OCGA § 24-2-3 (a) expressly applies to rape, which has different elements than child molestation, that the statute cannot be reasonably interpreted to apply to child molestation.

Regardless of the origin of the rule, the trial court correctly interpreted the case law when it held that the rape shield statute applied to child molestation cases, and so the trial court did not err when it denied Abdulkadir's motion for a new trial on that basis. We decline Abdulkadir's invitation to overturn the line of cases holding that the rape shield statute applies to child molestation cases. Even if we did so, Abdulkadir would not be entitled to a new trial. As more fully discussed in Division 3 below, the evidence excluded by the application of the rape shield statute involved the victim's sexual act with a third party. Even if the rape shield statute did not apply, such evidence would likely be excludable in the discretion of the trial court on relevancy grounds. Furthermore, "in a proper case a trial court may, in its discretion, apply the 'rape shield' principle even where the exclusion is not mandated under OCGA § 24-2-3."[9]

3. (a) Abdulkadir claims that the trial court erred when it construed the rape shield statute to bar the proffered testimony of Ahmed and to restrict the cross-examination of the victim. The proffered testimony was that Abdulkadir told Ahmed that the victim was leaving their apartment while Ahmed was at work. Ahmed pretended to go to work but returned to check up on her daughter. Ahmed went to a neighboring apartment. When Ahmed opened the door to the bedroom she saw the victim and a young man who was in the process of pulling up his pants. When Ahmed informed the victim that Abdulkadir told her where the victim had been going, the victim responded by telling Ahmed that Abdulkadir had molested her. Abdulkadir wanted to question Ahmed and cross-examine the victim about the incident to show that the victim was angry with Abdulkadir and had a motive to lie about the molestation charge.

In response to Abdulkadir's proffer, the trial court ruled:

> If you are saying that she made up this lie because she is mad at him, certainly that can go before the jury, but to go into details and indicate that she was allegedly found in the

[8] *Flowers*, 220 Ga. App. at 814.
[9] *Bates v. State*, 216 Ga. App. 597, 598 (454 SE2d 811) (1995).

bedroom of some other boy with his pants down, that's not relevant at all. Why is that relevant to the issue of whether she is mad at her stepdad? You can certainly get before the jury that she was mad at her stepfather over a discipline rule, or however you want to phrase it, or because he had — she had broken — because just she was mad at her stepfather and that that — therefore, that is why she made up this lie about her stepdad. But why she was mad at him, it really isn't relevant, and it would violate the rape shield statute.

Abdulkadir claims that he was entitled to show that the victim had a motive to fabricate the molestation charges, and that the proffered evidence was admissible under *Richardson v. State*.[10] We conclude that the trial court did not err in excluding the evidence. The trial court's ruling is a compromise between the requirements of the rape shield statute and Abdulkadir's rights to a thorough and sifting cross-examination and to present evidence.[11] The trial court ruled that Abdulkadir could show the victim was angry at him and that she was angry at him because of a disciplinary matter, and this allows evidence that the victim had a motive to fabricate the accusation. But evidence that the victim's mother discovered her in a sex act is clearly "past sexual conduct" barred by the rape shield statute,[12] and it is not subject to any of the exceptions.[13] And we cannot say that the trial court was required to craft a middle ground that would allow some details but not others. The victim snuck out of her apartment to see a boy and that strongly implies sexual conduct even if the sexual act is not mentioned.[14] It would have been difficult, if not impossible, for the trial court to allow witnesses to testify to a portion of the incident without violating the restrictions of the rape shield law.

*Richardson* does not require a different result. In that case, our Supreme Court held that OCGA § 24-2-3 (a) only bars evidence pertaining to the sexual aspects of prior relationships, and that the

---

[10] 276 Ga. 639 (581 SE2d 528) (2003).

[11] See *Mobley v. State*, 212 Ga. App. 293, 295 (1) (441 SE2d 780) (1994) (each party has a right to a thorough and sifting cross-examination of the other party's witnesses, but such right is not unfettered).

[12] See *Cox v. State*, 241 Ga. App. 388, 390-391 (2) (526 SE2d 887) (1999) (trial court properly excluded evidence that the victim, who was allegedly molested when she was 11 and 12, had sex with her boyfriend); *Green v. State*, 221 Ga. App. 436, 437 (472 SE2d 1) (1996) (evidence that the 13-year-old victim had engaged in sexual activity with other males was barred by rape shield statute).

[13] OCGA § 24-2-3 (b).

[14] See *Lockhart v. State*, 172 Ga. App. 170, 171-172 (4) (322 SE2d 503) (1984) (trial court properly prohibited questioning on grounds that it created an innuendo of victim's past sexual behavior).

defendant was not prohibited from cross-examining the victim about the nonsexual nature of her former relationships.[15] Here, the only proffered evidence about the victim's prior relationship was sexual in nature, and the victim's alleged motivation to fabricate the molestation was Abdulkadir's role in disclosing her tryst to her mother, and not that she simply had a boyfriend.

(b) Abdulkadir claims that the trial court erred in limiting the testimony of the victim's mother about her visit to the hospital with the victim. The mother testified outside the presence of the jury that she brought the victim to the doctor to see if she was pregnant, and, apparently, to check on whether her daughter's vaginal circumcision, which involved a partial sewing of the vagina, was intact. After considering the mother's proffered testimony, the trial court told the mother that she could not testify that she took her daughter to the hospital to see if she was a virgin or if she was pregnant, only that she took the victim to the hospital to see if the victim had been assaulted. We conclude that regardless of the application of the rape shield statute, it was within the trial court's discretion to limit the mother's testimony on grounds of relevancy.[16]

Abdulkadir strongly implies that the trial court prevented the mother from testifying that the victim recanted her accusation at the hospital and that the rape shield statute had been "perverted into a license to use questionable or possibly perjurious testimony free from the risk of adverse confrontation."[17] This was not the case. The mother was allowed to testify that she took her daughter to the hospital "to see what happened," but that the victim became scared and told the mother that "[Abdulkadir] didn't do anything wrong to me." We find no error.

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED DECEMBER 5, 2003 —
RECONSIDERATION DENIED DECEMBER 17, 2003 — 

*Morriss, Lober & Dobson, Bruce F. Morriss, Daniel Shim, Sidney L. Moore, Jr.,* for appellant.

*J. Tom Morgan, District Attorney, Rosemary W. Brewer, Assistant District Attorney,* for appellee.

---

[15] *Richardson,* supra at 641 (1).

[16] *English v. State,* 260 Ga. App. 620, 622-623 (3) (580 SE2d 351) (2003) (trial court may exclude evidence unrelated to issue at trial).

[17] *Villafranco v. State,* 252 Ga. 188, 195 (2) (313 SE2d 469) (1984).