A04A2053. HIGH v. THE STATE.
(609 SE2d 722)

MIKELL, Judge.
Michael Leon High was convicted of armed robbery and sentenced to 15 years imprisonment. He appeals following the denial of his motion for new trial, challenging the admission of similar transaction evidence and of his statements against interest. We affirm.

1. Viewed in the light most favorable to the jury's verdict, the evidence adduced at trial shows that High was involved in a string of three armed robberies that occurred on June 27, 2002, July 6, 2002,

---

and July 10, 2002. In this case, High was tried for the first armed robbery, and the state filed a pre-trial notice of its intent to introduce evidence of the July robberies as similar transactions. High assigns two errors to the admission of this evidence.

(a) In his first enumerated error, High asserts that the trial court erred in permitting the state to establish the transactions by hearsay testimony during the pre-trial Uniform Superior Court Rule 31.3 (B) hearing. However, the only objection raised by trial counsel during the hearing was to the prosecutor's request to state in his place as to what the similar transaction evidence would show. The prosecutor then presented the testimony of the lead investigators for each crime, and trial counsel raised no further objections. Pretermitting whether High waived any objection to the admissibility of the transactions, there was no error.

> A hearing in which the [s]tate relies upon the statements of the prosecuting attorney to make the required showing for the admissibility of similar transaction evidence is sufficient to satisfy the requirements of USCR 31.3 (B). Some cases differentiate a hearing in which the prosecutor simply states the evidence in her place from an evidentiary hearing. USCR 31.3 clearly grants the trial court the discretion as to the reception of evidence. There is no per se right to an *evidentiary* hearing, only to a hearing, nor any mandatory obligation to produce testimonial evidence.[1]

Therefore, the prosecutor's statement in his place would have been sufficient. As High received the benefit of an evidentiary hearing, he has no cause to complain on appeal.

(b) In his second enumerated error, High asserts that the trial court erred in charging the jury that the similar transaction evidence was admissible for the purpose of showing bent of mind and course of conduct, although the court had originally ruled that the purpose of the evidence was to show motive, intent and identification. The state contends that High waived any objection to the charge, and we agree. In response to the court's inquiry, trial counsel stated that he had no objections to the charge, and he did not reserve objections. "The right to raise an erroneous charge on appeal may be lost only in certain well-defined instances, as where defense counsel in response to an inquiry by the trial judge plainly states that he has no objections to

---

[1] (Citation and punctuation omitted; emphasis in original.) *Talmadge v. State*, 236 Ga. App. 454, 457-458 (1) (e) (512 SE2d 329) (1999).

the charge as given."[2] Moreover, even if counsel had preserved the objection, we would not have found merit in his argument. "Where the purposes set forth in the court's charge are legitimate, the fact that they vary somewhat from the purposes mentioned in the USCR 31.3 (B) hearing does not necessarily render the charge erroneous."[3] Showing the defendant's bent of mind and course of conduct are legitimate purposes for the admission of similar transaction evidence, where, as here, those matters are in issue.[4] Thus, the court's charge was proper.

2. Finally, High argues that the trial court erred in ruling his statements admissible following the *Jackson-Denno* hearing because they were induced by hope of benefit. In this regard, OCGA § 24-3-50 provides: "To make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury."

Pretermitting whether, as the state argues, trial counsel waived the right to assert error by failing to object to the admission of High's taped statement at trial, we find no error in the court's ruling.

> The standard for determining whether or not a confession was voluntary is the preponderance of the evidence standard. The trial court's decision on this point will not be disturbed on appeal unless there is obvious error. To make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury. The Supreme Court of Georgia has construed "slightest hope of benefit" to mean the hope of a lighter sentence.[5]

In this case, the investigator who taped High's statement, John Fields, testified that he never promised High anything in exchange for his statement. According to Fields, he only said that he would let the judge hear it and that he would speak with the district attorney. Fields testified that he told High that if he cooperated and showed that he was trying to get his life together, it might help him. "Merely telling a defendant that his or her cooperation will be made known to the prosecution does not constitute the 'hope of benefit' sufficient to

---

[2] (Citation omitted.) *Colkitt v. State*, 251 Ga. App. 749, 752 (2) (555 SE2d 121) (2001).

[3] (Citations omitted.) *Jordan v. State*, 230 Ga. App. 560, 561 (497 SE2d 48) (1998).

[4] *Willett v. State*, 223 Ga. App. 866, 872 (3) (479 SE2d 132) (1996).

[5] (Punctuation and footnotes omitted.) *Griffin v. State*, 257 Ga. App. 167-168 (570 SE2d 611) (2002).

render a statement inadmissible under OCGA § 24-3-50.”[6] We have also held that telling a suspect that "judges love to hear that defendants helped the police" was not a "hope of benefit."[7] It follows that the trial court did not err in determining that High's statement was voluntarily made.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JANUARY 25, 2005.

*William D. Phillips*, for appellant.
*Richard G. Milam, District Attorney, Mark S. Daniel, Jason S. Johnston, Assistant District Attorneys*, for appellee.

---

[6] (Citations and punctuation omitted.) *Leigh v. State*, 223 Ga. App. 726, 727 (1) (478 SE2d 905) (1996).

[7] *Stephens v. State*, 164 Ga. App. 398, 399 (3) (297 SE2d 90) (1982).