## S04G0747. ABDULKADIR v. THE STATE.
(610 SE2d 50)

SEARS, Presiding Justice.

Certiorari was granted to consider the Court of Appeals' ruling that the proscriptions set forth in Georgia's rape shield statute are applicable in prosecutions for child molestation.[1] Because the language of the rape shield statute limits its application to prosecutions for rape, we conclude the Court of Appeals erred in its determination. In this particular case, however, the trial court properly applied the rape shield statute because, in addition to being prosecuted for child molestation, appellant was being prosecuted for rape. Therefore, while we disapprove of the ruling allowing application of the rape shield statute in prosecutions for crimes other than rape, we affirm appellant's conviction.

Appellant Yasin Abdulkadir was indicted for rape, incest, child molestation, and aggravated child molestation. The victim was appellant's 13-year-old stepdaughter. At trial, appellant argued that the charges against him had been fabricated. In support of this claim, appellant sought to introduce evidence showing that when he informed the victim's mother that her daughter had been spending time with a boy, the mother went to the boy's apartment and discovered the victim and the boy engaging in sex. According to appellant, when the victim learned that he had told her mother about her trysts with the boy, she fabricated the charges against him in retaliation.

The trial court permitted appellant to present evidence showing: (1) that the victim was angry with appellant due to a disciplinary matter, and (2) that the victim refused a medical examination when her mother took her to a hospital to determine whether she was sexually active. The trial court, however, refused to allow appellant to present evidence regarding the victim's sexual history with the boy, holding that any evidence concerning the victim's past sexual conduct was barred by the rape shield statute.[2]

The jury acquitted appellant of rape and incest, and convicted him of child molestation and aggravated child molestation. The Court of Appeals affirmed, holding: (1) that the rape shield statute is applicable in child molestation prosecutions, and (2) alternatively, that it was within the trial court's discretion in this case to exclude evidence of the victim's past sexual conduct on relevancy grounds. This Court granted certiorari to consider whether the rape shield statute applies in prosecutions for crimes other than rape.

---

[1] *Abdulkadir v. State*, 264 Ga. App. 805 (592 SE2d 433) (2003).

[2] OCGA § 24-2-3 (a).

1. The victim testified that appellant touched her in what she described as "the wrong way." She also stated that when she and appellant were together on a couch, he inserted his finger into her vagina (telling her he was attempting to determine whether she was pregnant), and also put his tongue on her vagina. Finally, the victim testified, appellant inserted his penis "like halfway" into her vagina, and instructed the victim not to tell anyone what had occurred.

This evidence, construed most favorably to the verdict, was sufficient to enable rational triers of fact to find appellant guilty of child molestation and aggravated child molestation.[3]

2. It is elementary that "[i]n all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly."[4] In so doing, "the ordinary signification shall be applied to all words."[5] Where the language of a statute is plain and susceptible to only one natural and reasonable construction, courts must construe the statute accordingly.[6] In fact, "[w]here the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden."[7] Moreover, Georgia law provides that the express mention of one thing in an Act or statute implies the exclusion of all other things.[8] In our reading of a statute, this Court "is not authorized to disregard *any* of the words [used therein] unless the failure to do so would lead to an absurdity manifestly not intended by the legislature."[9]

Applying these rules to the present case, we believe it is clear that the rape shield statute, by its plain terms, applies only to prosecutions for rape:

> **In any prosecution for rape,** evidence relating to the past sexual behavior of the complaining witness shall not be admissible, either as direct evidence or on cross-examination of the complaining witness or other witnesses, except as provided in this Code section. For the purposes of this Code section, evidence of past sexual behavior includes, but is not

---

[3] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] OCGA § 1-3-1 (a).

[5] OCGA § 1-3-1 (b).

[6] *Hollowell v. Jove,* 247 Ga. 678, 681 (279 SE2d 430) (1981) (a statute's plain language, so long as it does not lead to " 'absurd or wholly inpracticable consequences . . . is the sole evidence of the ultimate legislative intent.' *Caminetti v. United States,* 242 U. S. 470, 490 (37 SC 192, 61 LE 442) (1917).").

[7] *Six Flags Over Ga. II, L.P. v. Kull,* 276 Ga. 210, 211 (576 SE2d 880) (2003).

[8] *Morton v. Bell,* 264 Ga. 832, 833 (452 SE2d 103) (1995).

[9] *Labovitz v. Hopkinson,* 271 Ga. 330, 336 (519 SE2d 672) (1999) (emphasis supplied).

limited to, evidence of the complaining witness's marital history, mode of dress, general reputation for promiscuity, nonchastity, or sexual mores contrary to the community standards.[10]

Under Georgia law, the term "rape" is not only plain and unambiguous, it is also statutorily defined:

A person commits the offense of rape when he has carnal knowledge of: (1) a female forcibly and against her will, or (2) a female who is less than ten years of age. Carnal knowledge in rape occurs when there is any penetration of the female sex organ by the male sex organ. . . .[11]

By its plain terms then, the rape shield statute applies only in prosecutions for rape, which is to say in cases where a man is accused of engaging in forcible vaginal intercourse with a woman against her will, or when a man is accused of engaging in vaginal intercourse with a girl who is under ten years of age.

While there may be compelling policy reasons to apply the rape shield statute in prosecutions for crimes other than rape, the statute's terms state only that it applies to prosecutions for rape. That singular designation by the legislature indicates that the rape shield statute is excluded from prosecutions for all crimes other than rape.[12] A court of law is not authorized to rewrite the statute by inserting additional language that would expand its application to include such other crimes.[13] Any expansion of the rape shield statute's applicability must come from the legislature, as it alone is entrusted with the authority to amend existing laws.[14]

Accordingly, we conclude the Court of Appeals' ruling that the rape shield statute applies to prosecutions for child molestation was erroneous, and is hereby disapproved.[15]

---

[10] OCGA § 24-2-3 (a) (emphasis supplied).

[11] OCGA § 16-6-1 (a).

[12] *Morton v. Bell*, 264 Ga. at 833; *Roman v. Terrell*, 195 Ga. App. 219, 221 (393 SE2d 83) (1990).

[13] See *Thompson v. Talmadge*, 201 Ga. 867, 874 (41 SE2d 883) (1947).

[14] *Phagan v. State*, 268 Ga. 272, 273-274 (486 SE2d 876) (1997) ("Within the General Assembly's constitutional empowerment to make all laws it deems necessary and proper for the welfare of the State so long as the law is constitutional (1983 Ga. Const., Art. III, Sec. VI, Par. I), rests the power to change or modify existing laws.").

[15] It is also necessary that we disapprove the holdings in *McGarity v. State*, 224 Ga. App. 302 (480 SE2d 319) (1997) and *Flowers v. State*, 220 Ga. App. 814 (468 SE2d 199) (1996), allowing application of the rape shield statute in prosecutions for child molestation.

3. The trial court did not, however, err by applying the rape shield statute to appellant's prosecution, as appellant was prosecuted for (among other offenses) the crime of rape.[16] Appellant asks us to change the law so that a new trial is necessary whenever the rape shield statute is applied to a prosecution in which a defendant is acquitted of rape charges but convicted of other charges. This we decline to do. Such a rule would be contrary to the precise language of the statute, which specifies that rape shield proscriptions apply in "*any* prosecution for rape." Because we are unauthorized to amend statutory pronouncements on behalf of the legislature,[17] the change appellant seeks may only come from the General Assembly.

*Judgment affirmed. Fletcher, C. J., Benham, Carley, Thompson and Hines, JJ., and Judge G. Carey Nelson concur. Hunstein, J., disqualified.*

DECIDED MARCH 7, 2005 —
RECONSIDERATION DENIED MARCH 28, 2005.

*Morriss, Lober & Dobson, Daniel Shim, Sidney L. Moore, Jr.*, for appellant.

*Jeffrey H. Brickman, District Attorney, Rosemary Brewer, Elisabeth G. MacNamara, Assistant District Attorneys*, for appellee.

---

[16] Even if the trial court or Court of Appeals reasoning was flawed, a judgment that is right for any reason will be affirmed. *City of Gainesville v. Dodd*, 275 Ga. 834, 835 (573 SE2d 369) (2002).

[17] *Boyles v. Steine*, 224 Ga. 392, 395-396 (162 SE2d 324) (1968). Also, as noted above, in construing the rape shield statute, we may not disregard any of the language used therein, unless the failure to do so would lead to an absurd result not intended by the legislature. See note 9, supra.