### A09A2053. CAROLINA v. THE STATE.
(690 SE2d 435)

ADAMS, Judge.

Appellant Silvester Carolina, Jr., was convicted by a jury of trafficking in cocaine and possession of marijuana with intent to distribute.[1] He appeals, arguing the trial court erred by admitting the cocaine into evidence because the lab technician who tested the substance did not testify at trial and the testimony by a state crime lab supervisor concerning the results of the testing was thus inadmissible hearsay that violated his Sixth Amendment right to confront the witnesses against him. Finding this argument to be without merit, we affirm.

At trial, defendant stipulated to the qualifications of Lori Reeves, a forensic chemist with the state crime lab, who was then qualified as an expert in the field of forensic chemistry. Reeves testified concerning the testing of the substance subsequently introduced at trial as State's Exhibit 6. She testified that a sample of the substance was first weighed to get a total net weight and then three tests were performed, two of them, the gas chromatography-mass

---

[1] Carolina does not challenge his conviction for possession of marijuana with intent to distribute.

spectrometry and thin layer chromatography, for qualitative analysis to determine the nature of the substance and the other, the high performance liquid chromatography test, for quantitative analysis to determine the purity of the substance. The qualitative tests were positive for cocaine and the quantitative test indicated it was 60.3 percent pure. Reeves further testified that although she could not remember if she performed the tests or if they were performed by Patti Moore, a crime lab technician, she reviewed the tests and the data to make the determination concerning whether the substance was positive for cocaine and to determine the purity. She also testified concerning checks and balances designed to ensure that the testing is done according to procedure, including the fact that she runs controls after the tests are conducted before any of the information can be released to the file. Additionally, Reeves testified that she reviews all data and that the lab technician is only trained to do the "process" and cannot make the determination concerning whether a tested substance is positive for cocaine.

On appeal, Carolina argues that this testimony was inadmissible hearsay and violated his Sixth Amendment confrontation rights because he did not have the opportunity to cross-examine the lab technician who may have actually performed the tests. However, this Court recently rejected this argument in *Dunn v. State*, 292 Ga. App. 667 (665 SE2d 377) (2008), and that the "thoughtful and well reasoned opinion of the majority," id. at 673 (Phipps, J., concurring fully and specially), has now been followed in several cases involving the same or similar circumstances. *Reddick v. State*, 298 Ga. App. 155, 157-158 (2) (679 SE2d 380) (2009); *Carter v. State*, 297 Ga. App. 608, 610-611 (2) (677 SE2d 792) (2009); see also *Rector v. State*, 285 Ga. 714, 715 (4) (681 SE2d 157) (2009) (trial court did not err by allowing the State's toxicologist to testify about a toxicology report prepared by another doctor where toxicologist reviewed the report and reached the same conclusion as the doctor who prepared the report).

Although *Dunn* was decided before the recent United States Supreme Court case of *Melendez-Diaz v. Massachusetts*, ___ U. S. ___ (129 SC 2527, 174 LE2d 314) (2009), that case does not require us to alter our analysis of this issue. In *Melendez-Diaz*, the United States Supreme Court determined that the sworn certificates (affidavits) of state crime laboratory analysts admitted into evidence to prove material seized by police was contraband were "testimonial" in nature and thus defendant's Sixth Amendment confrontation clause rights were violated when the analysts who wrote the reports did not testify in person at trial. First, we note that our precedent is in accord with the holding in *Melendez-Diaz* because our state Supreme Court has previously declared a statutory procedure similar to that

at issue in *Melendez-Diaz* unconstitutional and in violation of an accused's confrontation rights. *Miller v. State*, 266 Ga. 850 (472 SE2d 74) (1996) (admission into evidence of affidavit that reported the results of drug analysis in lieu of the testimony of state crime lab worker violated defendant's right to confront the witnesses against him). And *Melendez-Diaz* specifically did not decide the issue presented here — whether the technician or chemist who actually performed the tests must testify at trial. Indeed, in a footnote that Court noted "we do not hold, and it is not the case, that anyone whose testimony may be relevant in establishing the chain of custody, authenticity of the sample, or accuracy of the testing device, must appear in person as part of the prosecution's case" *Melendez-Diaz*, ___ U. S. at ___, n. 1. In our view, a critical distinction here, and one also present and noted by the majority in *Dunn,* is that the report or data prepared by the nontestifying technician was not admitted into evidence and the expert who made the determination that the substance was contraband based on her interpretation of the data did testify at trial and was thus subject to cross-examination.

In sum, we reject Carolina's contention that the testimony at issue here was inadmissible hearsay that ran afoul of his rights under the confrontation clause. This appeal thus affords no basis for reversal of his conviction for trafficking in cocaine.

*Judgment affirmed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED JANUARY 13, 2010.

*Richard Parker*, for appellant.

*Joseph K. Mulholland, District Attorney, William J. Hunter, Assistant District Attorney*, for appellee.