A11A0571. McINTYRE v. THE STATE.
A11A0572. DISHAROON v. THE STATE.
(715 SE2d 431)

DOYLE, Judge.

After a jury trial, Brandi McIntyre and Jeffery Disharoon (collectively "the Defendants") were found guilty of two counts of aggravated sexual battery,[1] one count of child molestation,[2] one count of aggravated child molestation,[3] one count of rape,[4] one count of possessing more than one ounce of marijuana,[5] and one count of contributing to the delinquency of a minor.[6] The Defendants appeal, contending that the trial court erred by (1) prohibiting them from introducing evidence of the victim's prior sexual history to show her motive to fabricate the allegations; (2) denying the motion to suppress; (3) denying the request for additional juror strikes; and (4) denying (a) the motion to exclude evidence of DNA results and (b) the motion for mistrial based on the testimony of the State's expert DNA witness. For the reasons that follow, we affirm.

Viewed in the light most favorable to the verdict,[7] the evidence shows that in April 2007, 15-year-old J. M. visited her aunt, McIntyre, and McIntyre's live-in boyfriend, Disharoon, over spring break. Upon arriving at the couple's home, J. M. drank alcohol with them

---

[1] OCGA § 16-6-22.2 (b).
[2] OCGA § 16-6-4 (a).
[3] OCGA § 16-6-4 (c).
[4] OCGA § 16-6-1 (a) (1).
[5] OCGA § 16-13-30 (j) (1).
[6] OCGA § 16-12-1 (b) (1).
[7] See *Spivey v. State*, 272 Ga. App. 224 (612 SE2d 65) (2005).

and smoked a substance, resulting in J. M. feeling intoxicated. According to J. M. the three then used the hot tub outside the home, where the adult couple engaged in sexual intercourse, Disharoon inserted his fingers into J. M.'s vagina, McIntyre placed her mouth on J. M.'s breasts, and J. M. performed oral sex on and engaged in sexual intercourse with Disharoon.

The three then moved to the couple's bedroom, where Disharoon performed oral sex on J. M., had sexual intercourse with J. M., penetrating both her vagina and anus, and placed his mouth on her breasts and fingers in her vagina. McIntyre also placed her mouth on J. M.'s breasts and performed oral sex on her. McIntyre also placed her fingers and several adult sexual devices into J. M.'s vagina and anus. These devices tested positive for J. M.'s DNA when seized by police officers. The couple also took photographs of the events, which J. M. tried to delete from the camera, but which were later recovered by investigators.

After returning home later that week, J. M. became ill and subsequently made an outcry to her friend, who then reported the abuse to J. M.'s mother.

1. The Defendants contend that the trial court erred by restricting their cross-examination of J. M. regarding her past sexual history pursuant to Georgia's Rape Shield Statute, OCGA § 24-2-3. Specifically, the Defendants argue that they should have been allowed to present evidence that J. M. fabricated her claims in retaliation for McIntyre's disclosure to J. M.'s mother that J. M. was sexually active. This issue has been considered previously by this Court and decided adversely to the Defendants' argument.

> The Rape Shield Statute bars the admission of evidence relating to the victim's past sexual behavior unless it directly involves the accused's participation and supports an inference that the accused could have reasonably believed that the victim consented to the conduct at issue. The evidence may also be admitted on a finding that it is so highly material that it will substantially support a conclusion that the accused reasonably believed that the complaining witness consented to the conduct complained of and that justice mandates the admission of such evidence.[8]

"[T]he Rape Shield Statute ... supersedes all evidentiary excep-

---

[8] (Citations and punctuation omitted.) *Lloyd v. State*, 263 Ga. App. 234, 236 (2) (587 SE2d 372) (2003). OCGA § 24-2-3 (b).

tions, including the res gestae rule."[9] "We review the trial court's exclusion of such evidence for abuse of discretion."[10]

The trial court did not abuse its discretion here, as explained by this Court in *Abdulkadir v. State*.[11] In that case, the defendant contended that he should have been allowed to introduce evidence that the victim had falsely accused him of sexual abuse when her mother discovered her engaged in sexual relations with another individual based on information the mother received from the defendant.[12] This Court affirmed the trial court's exclusion of any evidence of the victim's sexual relationship with the other individual under the Rape Shield Statute. The Court determined that it was within the trial court's discretion to limit cross-examination of the victim to whether a disciplinary dispute between the victim and defendant motivated the victim to fabricate the allegations.[13]

Similarly, in *Green v. State*,[14] this Court affirmed a trial court's exclusion of evidence of a victim's past sexual conduct, which the defendant theorized supported his contention that the allegations of rape were fabricated, stating:

> [T]o allow the introduction of evidence of a witness' past sexual behavior for the purpose of showing that she may have been pregnant at the time the allegations were made and may have therefore made up the charges in an effort to justify or explain the pregnancy, would be to permit defendants to circumvent the Rape Shield Statute and thwart the intent of the legislature in enacting the statute. We cannot allow such a result.[15]

Here, as in *Green* and *Abdulkadir*, the trial court did not abuse its discretion by excluding cross-examination and testimony concerning J. M.'s alleged past sexual encounters.

2. The Defendants argue that the trial court erred by denying their motion to suppress evidence, including adult sexual devices and electronic media and storage devices.

(a) First, the Defendants contend that the motion to suppress

---

[9] (Punctuation omitted.) *Mooney v. State*, 266 Ga. App. 587, 592 (4) (597 SE2d 589) (2004).

[10] (Punctuation omitted.) *Lloyd*, 263 Ga. App. at 236 (2).

[11] 264 Ga. App. 805 (592 SE2d 433) (2003), affirmed by *Abdulkadir v. State*, 279 Ga. 122 (610 SE2d 50) (2005), superseded by statute on other grounds as stated in *Robinson v. State*, 308 Ga. App. 562, 567 (1) (708 SE2d 303) (2011).

[12] See *Abdulkadir*, 264 Ga. App. at 807 (3) (a).

[13] See id. at 808 (3) (a).

[14] 221 Ga. App. 436 (472 SE2d 1) (1996).

[15] (Citations and punctuation omitted.) Id. at 437.

should have been granted because the wording of the search warrant allowing seizure of adult toys and electronic storage devices was too broad. In support of their argument, the Defendants rely upon *State v. Kramer*,[16] which is not binding authority.[17] We affirmed the grant of a motion to suppress videotapes seized from the defendant on the basis that the search warrant was too broadly drawn. This Court explained, however, that the trial court correctly suppressed the videotapes because there was no evidence that the child molestation victim had been exposed to any videotapes.[18] Nevertheless, in this case the search warrant was supported by an affidavit of the investigating officer detailing J. M.'s allegations of abuse, which included abuse conducted with adult sexual toys and which was allegedly photographed with a digital camera. Thus, *Kramer*, which is both distinguishable and nonbinding, does not require reversal in this case.

(b) The Defendants also contend that the motion to suppress should have been granted as to the photographs extracted from the storage devices because that search was conducted when the search warrant had become stale. The Defendants, however, fail to support their argument with any citation to authority or to the record and have therefore abandoned this argument.[19]

3. The Defendants contend that the trial court erred by denying their motion for additional juror strikes. We disagree. The Defendants did not utilize their allotted number of strikes, and pursuant to *Denny v. State*,[20] because the Defendants have failed to show any harm from the trial court's denial, they have failed to establish that the trial court abused its discretion by denying the motion for additional strikes.

4. Finally, the Defendants argue that the trial court erred by denying their motion for mistrial when Connie C. Pickens, who was qualified as an expert without objection, provided testimony concerning the DNA samples taken from material in the Defendants' home. Pickens testified that other technicians in the laboratory conducted the tests on the samples, and she relied upon those tests when crafting her report. The Defendants contend that this testimony was inadmissible hearsay and a violation of their Sixth Amendment confrontation rights, citing *Melendez-Diaz v. Massa-*

---

[16] 260 Ga. App. 546, 548 (2) (580 SE2d 314) (2003).

[17] See Court of Appeals Rule 33 (a); *MCG Health v. Whitfield*, 302 Ga. App. 408, 410, n. 1 (690 SE2d 659) (2010).

[18] See *Kramer*, 260 Ga. App. at 548-549 (2).

[19] See Court of Appeals Rule 25 (c) (2); *Jackson v. State*, 309 Ga. App. 796, 800 (2) (714 SE2d 584) (2011).

[20] 281 Ga. 114, 117 (3) (636 SE2d 500) (2006).

*chusetts.*[21] This argument, however, was previously rejected by this Court in *Carolina v. State,*[22] and we decline to revisit it.

*Judgment affirmed. Ellington, C. J., and Miller, P. J., concur.*

DECIDED JULY 1, 2011 —
RECONSIDERATIONS DENIED JULY 27, 2011 — 

*Sexton & Morris, Lee Sexton, J. Scott Key,* for appellant (case no. A11A0571).

*Bruce S. Harvey, J. Scott Key,* for appellant (case no. A11A0572).

*Scott L. Ballard, District Attorney, Robert W. Smith, Jr., Assistant District Attorney,* for appellee.

---

[21] 557 U. S. 305 (129 SC 2527, 174 LE2d 314) (2009).

[22] 302 Ga. App. 40, 41-42 (690 SE2d 435) (2010). See also *Herrera v. State,* 288 Ga. 231, 234 (4) (702 SE2d 854) (2010).