S11G1880. DISHAROON v. THE STATE.
S11G1881. McINTYRE v. THE STATE.
(727 SE2d 465)

MELTON, Justice.

Following a jury trial, Jeff Disharoon and his girlfriend, Brandi McIntyre, were convicted on several charges involving sex with a minor.[1] The victim's DNA was found on items at the couple's home. At trial, Connie Pickens was qualified as an expert to testify about the results of the DNA testing. Counsel for both Disharoon and McIntyre cross-examined Pickens concerning the procedures and testing used. Although Pickens initially testified that she personally performed

---

[1] A more detailed account of the facts surrounding the incident and the charges brought against Disharoon and McIntyre can be found in the Court of Appeals' opinion relating to these consolidated cases. *McIntyre v. State*, 311 Ga. App. 173 (715 SE2d 431) (2011).

the DNA analysis process, Pickens admitted that she was not present when another technician placed the 96 test samples and controls into the scientific instrument used to complete a step of the testing procedure. Pickens testified that she read the results from the instrument and concluded that the control samples worked as expected. Disharoon and McIntyre objected to the testimony as inadmissible hearsay and a violation of the Confrontation Clause under *Melendez-Diaz v. Massachusetts*, 557 U. S. 305 (129 SC 2527, 174 LE2d 314) (2009) (the State's use of a forensic laboratory report violated the Confrontation Clause where there was no live witness available for cross-examination who was competent to testify as to the truth of the statements made in the report).

The Court of Appeals found no error, stating that it had rejected the same argument previously in *Carolina v. State*, 302 Ga. App. 40, 41-42 (690 SE2d 435) (2010) (testimony of lab supervisor who did not perform the tests on the substance at issue was not inadmissible hearsay that violated the Confrontation Clause). See also *Herrera v. State*, 288 Ga. 231, 234 (4) (702 SE2d 854) (2010); *Dunn v. State*, 292 Ga. App. 667, 671 (665 SE2d 377) (2008) (admission of laboratory supervisor's testimony and conclusions, which were based on test conducted by a technician who did not testify at trial, did not violate Confrontation Clause).

Prior to the Court of Appeals' rendering its decision, the United States Supreme Court issued *Bullcoming v. New Mexico*, ___ U. S. ___ (131 SC 2705, 180 LE2d 610) (2011) (holding that "surrogate testimony" of the "scientist who did not sign the certification or perform or observe the test reported in the certification" violates the Confrontation Clause). The Court of Appeals did not address *Bullcoming* in its decision. We therefore granted certiorari to determine whether, in light of *Bullcoming*, the Court of Appeals erred in holding that no violation of the Confrontation Clause occurred where an expert was allowed to testify about the results of DNA testing when that testifying expert was not the one who performed every step of the test. As explained more fully below, because the record reveals that no violation of the Confrontation Clause occurred under the facts of these cases, we affirm the judgment of the Court of Appeals.

Prior to *Bullcoming*, Georgia courts consistently held that the Confrontation Clause does not require the analyst who actually completed the forensic testing used against a defendant to testify at trial. See, e.g., *Carolina*, supra, 302 Ga. App. at 42. These decisions were consistent with the United States Supreme Court's decision in *Melendez-Diaz*, because the Supreme Court in *Melendez-Diaz* "specifically did not decide . . . whether the technician or chemist who actually performed the tests must testify at trial." *Carolina*, supra,

302 Ga. App. at 42, citing *Melendez-Diaz*, supra, 557 U. S. at 322, n. 1. However, that issue was explicitly addressed by the United States Supreme Court in *Bullcoming*.

In *Bullcoming*, the defendant was arrested on charges of driving while intoxicated. 131 SC at 2709. The primary evidence against the defendant was a forensic laboratory report certifying that the defendant's blood-alcohol concentration was well above the legal limit. Id. At trial, the analyst who performed the forensic testing and who signed the certification was not called as a witness. Id. Instead, the State called another analyst who was familiar with the laboratory's testing procedures, but who had not participated in, observed, or reviewed the test on the defendant's blood sample. Id. The United States Supreme Court held that such

> surrogate testimony . . . could not convey what [the analyst who performed the testing and signed the certification] knew or observed about the events his certification concerned, *i.e.*, the particular test and testing process he employed. Nor could such surrogate testimony expose any lapses or lies on the certifying analyst's part.

Id. at 2715 (II) (B). Additionally, the *Bullcoming* Court found it "significant" that the analyst who had performed the tests had been placed on unpaid leave, and that the testifying witness "had no knowledge of the reason why [the analyst] had been placed on unpaid leave." Id. The Court noted that, had the analyst who performed the tests been "on the stand, Bullcoming's counsel could have asked questions designed to reveal whether incompetence, evasiveness, or dishonesty accounted for [his removal from his work station]." Id. However, without having the witness available at trial for cross-examination, the defendant was deprived of his right to confront this witness and explore such matters. Under these circumstances, the "surrogate testimony" of the "scientist who did not sign the certification or perform or observe the test reported in the certification" was inadmissible, and its admission violated the defendant's right to confront the witness against him pursuant to the Confrontation Clause. Id. at 2710.

Even in light of the United States Supreme Court's holding in *Bullcoming*, however, the Court of Appeals did not err in holding that it was not a violation of the Confrontation Clause to allow Pickens to testify about the DNA testing results in these cases. As noted above, the United States Supreme Court's holding in *Bullcoming* was based on the fact that the State's witness, while generally familiar with the laboratory's testing procedures, had not specifically participated in,

observed, or reviewed the test on the defendant's blood sample. Id. at 2709. Here, however, the level of participation in the DNA testing by the testifying witness was significantly greater than that of the testifying witness in *Bullcoming*. The testifying witness, Pickens, completed every step of the test with the exception of only being present while another technician merely placed the 96 test samples and controls into the scientific instrument that was used to complete a single step of the testing. The United States Supreme Court has signaled that *Bullcoming* would not apply under such circumstances, as the holding in *Bullcoming* might not be so broad as to make it applicable to "a case in which the person testifying is a supervisor, reviewer, or someone else with a personal, albeit limited, connection to the scientific test at issue." Id. at 2722 (Sotomayor, J., concurring). Here, Pickens was the supervisor, she drafted the report, and had a substantial personal connection to the scientific test at issue (having actually performed the vast majority of the testing herself). Because the present cases do not involve facts and circumstances that are controlled by the United States Supreme Court's decision in *Bullcoming*, the Court of Appeals did not err in holding that it was not a violation of the Confrontation Clause to allow Pickens' testimony in these cases.

*Judgment affirmed. All the Justices concur.*

NAHMIAS, Justice, concurring.

I join the Court's opinion in full but add this cautionary note. The forensic expert's testimony in these cases did not violate the Confrontation Clause, as we understand the holdings, and the signals offered in dicta and separate opinions, of the Supreme Court of the United States applying that constitutional provision. However, that Court's doctrine in this area has been recast and refined significantly in the few years since *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004), brought the focus back to "[t]estimonial statements of witnesses absent from trial," id. at 59 — and further refinements are coming. See, e.g., *Williams v. Illinois*, No. 10-8505 (U. S., argued Dec. 6, 2011) (presenting the question "[w]hether a state rule of evidence allowing an expert witness to testify about the results of DNA testing performed by non-testifying analysts, where the defendant has no opportunity to confront the actual analysts, violates the Confrontation Clause"). Consequently, courts should not simply assume that prior Georgia appellate decisions in this area remain good law, without careful consideration of any subsequently decided United States Supreme Court cases that may be on point.

DECIDED MAY 7, 2012.

*Bruce S. Harvey, J. Scott Key, Margaret E. Flynt*, for appellant (case no. S11G1880).

*J. Scott Key, Margaret E. Flynt, Lee Sexton*, for appellant (case no. S11G1881).

*Scott L. Ballard, District Attorney, Robert W. Smith, Jr., Assistant District Attorney*, for appellee.