**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J. and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**February 14, 2013**

# In the Court of Appeals of Georgia

A12A2475. ESTRADA v. THE STATE.                    DO-094 C

DOYLE, Presiding Judge.

Rodolfo Estrada appeals from the denial of his motion for new trial following his conviction by a jury of aggravated sodomy,[1] aggravated child molestation,[2] and first degree cruelty to children.[3] He contends that the trial court erred by (1) admitting child hearsay testimony from the victim, (2) admitting his confession, (3) admitting testimony about the results of a DNA test, and (4) refusing to charge the jury on the mandatory sentence he faced. For the reasons that follow, we affirm.

---

[1] OCGA § 16-6-2 (a) (2).

[2] OCGA § 16-6-4 (c).

[3] OCGA § 16-5-70 (b).

Construed in favor of the verdict,[4] the record shows that six-year-old D. F. and her mother were temporarily living with Estrada, his wife, and their family. One night, Estrada's wife awoke to strange sounds coming from the foot of their bed, where D. F. slept on an air mattress. She saw Estrada look up from D. F.'s mattress and asked him what he was doing. Estrada responded, "It ain't what you think," the wife angrily confronted him, and Estrada eventually left the house. The wife asked D. F. what happened, and she said that Estrada had touched her private parts. Shortly thereafter, D. F. disclosed to another family member that Estrada had licked her vagina and touched her anus. Estrada's wife called the police, and D. F. again disclosed to an officer that Estrada had touched her rear and groin area. D. F. was taken to see a sexual assault nurse examiner, who collected samples from the affected areas, and D. F. later described the abuse to a forensic interviewer. The forensic samples were determined to contain male DNA, but no specific profile could be developed.

---

[4] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

Estrada was arrested and charged with six counts based on the abuse, and a jury found him guilty of aggravated sodomy, aggravated child molestation, and cruelty to children.[5] The trial court denied his motion for new trial, and this appeal followed.

1. Estrada contends that the trial court erred by admitting hearsay statements made by the victim. We disagree.

Under OCGA § 24-3-16,[6] hearsay statements by underage victims of sexual abuse are "admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability."

> The trial court has broad discretion in determining the admissibility of child hearsay evidence, and we will reverse a trial court's ruling on the admissibility of statements under OCGA § 24-3-16 only if the trial court abused its discretion. . . . When determining whether an out-of-court statement has sufficient indicia of reliability, a court may consider the following factors, without limitation:

---

[5] The jury acquitted Estrada on three other counts predicated on penetration of D. F. and forcing D. F. to touch him.

[6] Because the trial was held prior to January 1, 2013, we look to the version of the statute applicable at that time. See Ga. L. 2011, p. 214, § 101. The new evidence code, applicable to any motion made or hearing or trial commenced on or after January 1, 2013, addresses child hearsay at OCGA § 24-8-820 (2012).

(1) the atmosphere and circumstances under which the statement was made (including the time, the place, and the people present threat); (2) the spontaneity of the child's statement to the persons present; (3) the child's age; (4) the child's general demeanor; (5) the child's condition (physical or emotional); (6) the presence or absence of threats or promise of benefits; (7) the presence or absence of drugs or alcohol; (8) the child's general credibility; (9) the presence or absence of any coaching by parents or other third parties before or at the time of the child's statement, and the type of coaching and circumstances surrounding the same; and the nature of the child's statement and type of language used therein; and (10) the consistency between repeated out-of-court statements by the child. These factors, however, are not to be mechanically applied but considered in a manner best calculated to facilitate the determination of the required degree of trustworthiness. Moreover, even if all factors do not indicate reliability, the trial court does not necessarily abuse its discretion in admitting the statement.[7]

Here, the trial court held a pre-trial evidentiary hearing which included testimony from each witness who reported outcries from the victim. D. F. was six years old at the time of the outcries, and the outcries to an officer and family member were readily made at home on the night of the abuse. The forensic interview was done

---

[7] (Punctuation and footnotes omitted.) *Anderson v. State*, 315 Ga. App. 679, 682-683 (2) (727 SE2d 504) (2012), citing *Brown v. State*, 300 Ga. App. 359, 361 (2) (685 SE2d 377) (2009) and *Gregg v. State*, 201 Ga. App. 238, 240 (3) (b) (411 SE2d 65) (1991).

by a trained interviewer in a non-threatening environment. There was no evidence of threats or promises made to D. F., nor of any intoxication or any general incredibility of D. F.'s statements, which were essentially consistent at each telling. Estrada points to some evidence of later recantation as evidence of coaching, but that alone does not require reversal in light of the other evidence supporting the trial court's findings.[8] Further, D. F.

> testified as a witness at trial and was subject to cross-examination, thus allowing [Estrada] every opportunity to cross-examine her before the jury regarding the circumstances surrounding [her outcries], and giving the jury the opportunity to judge her demeanor and credibility during [those statements.] . . . [T]his circumstance provided an additional safeguard to [Estrada's] right of fair trial and provided him full opportunity for confrontation.[9]

Accordingly, we discern no abuse of discretion by the trial court.[10]

2. Estrada next contends that the trial court erred by finding that his custodial statement was freely and voluntarily made. We disagree.

---

[8] See, e.g., *Anderson*, 315 Ga. App. at 683-684 (2).

[9] (Punctuation omitted.) Id. at 684 (2).

[10] See id.; *Barclay v. State*, 306 Ga. App. 766, 767 (1) (702 SE2d 907) (2010) (weighing *Gregg* factors is not mechanical and subject to the trial court's discretion).

Under former OCGA § 24-3-50,[11] "[t]o make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." "The standard for determining whether or not a confession was voluntary is the preponderance of the evidence standard. The trial court's decision on this point will not be disturbed on appeal unless there is obvious error."[12]

Prior to trial, the trial court held a Jackson-Denno hearing at which Estrada described the circumstances of a confession he made to police after he was arrested. Estrada testified that he felt "trapped" and "threatened," and that he merely told the interviewing investigator what he thought she wanted to hear. The credibility of this testimony was for the trial court,[13] and the record, which contains a videotape of his confession, demonstrates that Estrada was adequately informed of his *Miranda* rights; that he waived them and had at least twice expressed a desire to tell his story to the investigator; that he was not threatened or made promises by his unarmed

---

[11] Compare OCGA § 24-8-824 (2012).

[12] (Punctuation omitted.) *Boone v. State*, 293 Ga. App. 654, 657 (3) (667 SE2d 880) (2008).

[13] See *Parker v. State*, 274 Ga. App. 347, 352 (7) (617 SE2d 625) (2005).

6

interviewer; and that he was not restrained during the interview, which was not unduly lengthy. Based on the record before us, we discern no error in admitting the confession.[14]

3. Estrada next challenges the trial court's admission of testimony from a forensic expert that the swab samples taken from the victim contained male DNA. Estrada argues that under *Bullcoming v. New Mexico*,[15] the analyst's testimony violated his Sixth Amendment right to confrontation because the witness at trial was not the same person who performed the testing on the sample. *Bullcoming* disallowed surrogate testimony by a scientist who did not sign a lab certification or perform or observe the testing.[16] Here, by contrast, the witness was a supervisor personally familiar with the techniques performed, and he testified that the sample was assigned to an analyst personally supervised by the witness. The analyst, who was still employed at the lab but unable to testify due to a scheduling conflict, had documented each step of the process, which was reviewed by the supervisor to determine if all the procedures were performed correctly and whether the supervisor agreed with the

---

[14] See *High v. State*, 271 Ga. App. 388, 390-391 (2) (609 SE2d 722) (2005).

[15] ___ U. S. ___ (131 SC 2705, 180 LE2d 610) (2011).

[16] See id. at __ (131 SC at 2710).

outcome of the analysis. Based on this review, the supervisor testified (and was subject to cross-examination) as to his opinion of the data and results. Under these facts, reversal is not required.[17]

4. Finally, Estrada contends that the trial court erred by refusing to charge the jury on the mandatory sentence he faced if convicted. "It is improper[, however,] for the court to give any instruction to the jury concerning possible sentences in a felony case before the jury has determined the question of guilt or innocence."[18] Therefore, this enumeration presents no basis for reversal.

*Judgment affirmed. Andrews, P.J. and Boggs, J., concur.*

---

[17] See *Leger v. State*, 291 Ga. 584, 592 (5) (732 SE2d 53) (2012), citing *Disharoon v. State*, 291 Ga. 45 (727 SE2d 465) (2012).

[18] (Punctuation omitted.) *Quintana-Camporredondo v. State*, 275 Ga. App. 859, 861 (2) (622 SE2d 66) (2005).